UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

    Plaintiff,

v.                                                  Case No.: 8:09-cv-1375-T-24-TBM

JERRY KATZMAN, et al.,

    Defendants.
_____/

## ORDER

    This cause comes before the court on Plaintiff Comprehensive Care Corporation's Motion to Take Jurisdictional Discovery of Defendant (Doc. 13), filed in response to Defendant Jerry Katzman's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. 12). Defendant opposes Plaintiff's Motion to Take Jurisdictional Discovery. (Doc. 15).

## BACKGROUND

    Plaintiff filed suit in U.S. District Court against Defendant for breach of contract and fraudulent inducement. (Doc. 1). Plaintiff—a Florida corporation—established diversity jurisdiction by alleging that Defendant's domicile is in New Jersey. (Doc. 1). Defendant then filed a Motion to Dismiss based on the Court's lack of subject matter jurisdiction. Defendant argued that because his domicile is actually in Florida, rather than New Jersey, the parties are not diverse. (Doc. 12).

    Subsequently, Plaintiff filed a Motion for Discovery (Doc. 13) and requests permission to depose Defendant and his close family and friends on the issue of Defendant's domicile.

Defendant opposes Plaintiff's request for discovery and claims that his Declaration and the additional documents attached to the pleadings form a sufficient basis from which the Court can determine the jurisdictional issue. (Doc. 15).

According to Defendant, Florida has been his domicile since 1985. (Doc. 12, Ex. A). Defendant claims to have resided in Sunrise, Florida from 2002 until July 2009 (*Id.* ¶ 7) when he changed his residence to a condominium in Redington Shores, Florida after Plaintiff requested that he spend more time working out of the Comprehensive Care headquarters in Tampa. (*Id.* ¶ 15). To further establish his domicile in Florida, Defendant attaches documentation that he is registered to vote in Florida (*Id.* ¶ 12, Ex. 5); he receives mail (from Plaintiff and others) at a Florida address (*Id.* ¶¶ 10-11, Ex. 2); he possesses a Florida driver's license (*Id.* ¶ 13, Ex. 6); and he possesses a passport issued in Miami. (*Id.* at ¶ 14, Ex. 7).

Defendant states that before filing suit, Plaintiff recognized his Sunrise address as his residence by listing Florida as his filing state for tax purposes (*Id.* ¶ 10), as well as by mailing his paychecks (*Id.* ¶ 11) and his life insurance information—an employment benefit—to his Sunrise address. (*Id.* ¶ 10). Defendant acknowledges that he frequently visited New Jersey to stay with his girlfriend and occasionally asked Plaintiff to mail documents to him while he was there. (*Id.* ¶ 8). However, Defendant states that he neither resided nor intended to reside in New Jersey. (*Id.*).

In response to Defendant's motion to dismiss for lack of subject matter jurisdiction, Plaintiff moves to take immediate jurisdictional discovery by deposing Defendant and eight other individuals who Plaintiff believes will testify that Defendant resides in New Jersey. (Doc. 13). According to Plaintiff, documents and third-party affidavits describing interactions and

conversations with Defendant contradict some of Defendant's "self-serving" statements that allegedly establish his domicile in Florida.  (Doc. 13).

First, Plaintiff contends that Defendant's statements about his Florida residency are questionable in light of a New Jersey quitclaim deed executed by Defendant in November 2006 in which Defendant stated "the real property being sold or transferred is used exclusively as my personal residence."  (Doc. 13, Ex. 1).  Additionally, Plaintiff attaches a personal check, written by Defendant to secure his lease at Redington Shores, that lists Defendant's address as a P.O. Box in New Jersey.  (Doc. 13, Ex. 2).  Finally, Plaintiff attaches the affidavits of four individuals, including three of Defendant's business associates and his former executive assistant, all of whom recount various representations and actions taken by Defendant which indicate he bought two homes in New Jersey and considered New Jersey his residence.  (Doc. 13, Ex. 3, 4, 5, & 6).

## **DISCUSSION**

When presented with a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court must first determine whether the challenge to its jurisdiction is based on facial or factual grounds.  *See In re CP Ships, Ltd. Secs. Litig.*, No. 08-16334, 2009 WL 2462367, at *2 (11th Cir. Aug. 13, 2009).  A facial attack requires the court to take the allegations in plaintiff's complaint as true and examine whether plaintiff has sufficiently alleged a basis for subject matter jurisdiction.  *Id.*  However in a factual attack, the defendant "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered."  *Id.* (citation omitted).  Because he clearly disputes the existence of subject matter jurisdiction, Defendant's motion to dismiss is a factual attack.

When analyzing a factual attack, "the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss." *Id.* (citation omitted). Furthermore, the court may consider extrinsic evidence such as depositions and affidavits. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271 (11th Cir. 2009). The former Fifth Circuit held that a plaintiff is entitled to jurisdictional discovery, and it is reversible error for a court to dismiss a case for lack of jurisdiction before receiving the "complete information" requested by the plaintiff in discovery. *See Davis v. Asano Bussan Co.*, 212 F.2d 558, 565 (5th Cir. 1954).[1] However after reviewing the former Fifth Circuit standard, the Eleventh Circuit rejected a mandatory jurisdictional discovery rule and determined that jurisdictional discovery is more appropriately described as "not entirely discretionary." *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 (11th Cir. 1982). Thus, jurisdictional discovery is a "qualified right . . . when the court's jurisdiction is genuinely in dispute." *Id.* at n.7.

Here, the parties' disagreement about Defendant's domicile is the issue that will determine whether this Court has subject matter jurisdiction. A person's domicile is determined by a review of the "totality of the evidence" and "no single factor is conclusive." *See Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349 (M.D. Fla. 2001). Therefore, it is important for the Court to have all the information relevant to Defendant's domicile before ruling on Defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Considering the factual disputes regarding Defendant's residence, including statements made by Defendant in his

---

[1] The Eleventh Circuit was established on October 1, 1981, after the Fifth Circuit was divided into the Eleventh Circuit and the "new" Fifth Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981). The Eleventh Circuit held in *Bonner*, its first decision, that the decisions rendered by the "former" Fifth Circuit before September 30, 1981 would be binding as precedent on the Eleventh Circuit. *Id.*

declaration, the Court believes that Plaintiff is entitled to discovery to determine the limited issue of Defendant's domicile.

## **CONCLUSION**

Accordingly, it is ORDERED and ADJUDGED that Plaintiff's Motion to Take Jurisdictional Discovery is **GRANTED**.

Therefore:

(1) The parties may conduct discovery **only** on the limited issue of Defendant's domicile.

(2) The Court will not limit discovery to one or two depositions, as Defendant requests. The parties may depose as many witnesses as reasonably necessary to assist the Court. Both parties are instructed to proceed without delay, to cooperate with each other, and to refrain from name calling and bickering.

(3) Jurisdictional discovery must close by November 4, 2009.

(4) Any supplements to the Motion to Dismiss and the Response to the Motion to Dismiss must be filed by November 11, 2009. The supplements shall be no longer than eight pages and must comply with the requirements of Local Rule 1.05(a).

(5) Because the parties have requested a hearing on the motion to dismiss, a hearing to determine Defendant's domicile and the Court's subject matter jurisdiction is scheduled for Tuesday, November 17, 2009 at 8:30 a.m. in the Sam M. Gibbons United States Courthouse, Courtroom 14A. The hearing will be limited to one hour. Should the parties determine that they no longer need a hearing on this matter, they should inform the Court by November 10, 2009.

(6) Defendant's request for attorney's fees, costs and sanctions for Plaintiff's alleged failure to comply with Local Rule 3.01 and for violations of 28 U.S.C. §1927 is **DENIED**.

(7) Plaintiff's Motion for Leave to File Reply to Defendant's Response (Doc. 16) is **DENIED as moot**.

**DONE AND ORDERED** at Tampa, Florida this 25th day of September, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record