UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

    Plaintiff,

v.                                                         Case No.: 8:09-cv-01375-T-24-TBM

JERRY KATZMAN,

    Defendant.
_____/

JERRY KATZMAN,

    Counter-Plaintiff,

v.

COMPREHENSIVE CARE
CORPORATION,

    Counter-Defendant.
_____/

## ORDER ON
## MOTION TO DISMISS COUNTER-CLAIM

The Court now considers Comprehensive Care Corporation's motion to dismiss the Counter-Claim filed by Counter-Plaintiff Jerry Katzman. (Doc. 85.) Katzman opposes the motion. (Doc. 88.)

For the reasons stated, the Court denies the motion to dismiss with respect to Counts I, IV, and V. However, the Court grants the motion to dismiss as to Counts II, III, and VI without prejudice to the right of Katzman to file an Amended Counter-Claim as to Counts II, III, and VI

1

by April 8, 2010.

## **BACKGROUND**

The Counter-Claim alleges six claims arising from Katzman's termination in July 2009 as executive vice president for strategy development of Comprehensive Care Corporation, a managed care company in Tampa, Florida. According to the Counter-Claim, Comprehensive Care fired Katzman after he refused to sign an amendment to his employment agreement that would have permitted Comprehensive Care to fire Katzman without cause and would have required Katzman to waive all his claims against the company. Katzman also alleges that Comprehensive Care's chief executive officer, Clark Marcus, suggested the company might hire Katzman as a consultant if he voluntarily resigned. Katzman refused to resign. Soon after, Comprehensive Care fired Katzman for cause. The company also sought to cancel 10-million in stock warrants that it had awarded Katzman in a May 2009 agreement, which Katzman had transferred to his three children in June 2009 before his termination.[1]

Comprehensive Care asserts that it fired Katzman and cancelled the stock warrants because Katzman performed unsatisfactorily in his position, failed to put his "best efforts" into his job as required by his employment agreement, and worked only part-time at the company's headquarters in Tampa.

After firing Katzman, Comprehensive Care filed a two-count Complaint against Katzman that alleged breach of contract and fraud for inducing the company into entering the employment agreement. Comprehensive Care asked the Court to rescind Katzman's employment agreement

---

[1] A stock warrant is "an instrument granting the holder a long-term (usually a five- to ten-year) option to buy shares at a fixed price." Black's Law Dictionary 1617 (Bryan A. Garner, ed., 8th ed. 2004). See also In re PurchasePro.com, Inc., 332 B.R. 417, 425 (Bankr. Nev. 2005).

and award it damages, including all compensation paid to Katzman, a $70,000 signing bonus, and the 10-million stock warrants that Katzman transferred to his children.

After filing the lawsuit, the parties litigated whether this Court had subject matter jurisdiction over the case. Katzman claimed to be a Florida resident, and argued that the Court lacked jurisdiction because the parties were not diverse. To prove that Katzman lived outside of Florida, Comprehensive Care filed on the CM/ECF electronic docket a transcript of a February 3, 2005 hearing before the New York State Board for Professional Medical Conduct. (Doc. 43-17; Doc. 71-17.) After the hearing, the Board voted to revoke Katzman's medical license for practicing medicine fraudulently and for willfully submitting false reports. The Court considered this evidence in finding that Katzman resided outside Florida and determining that the Court had subject matter jurisdiction.

Katzman then filed this Counter-Claim against Comprehensive Care. Count I of the Counter-Claim alleges that Comprehensive Care breached the employment agreement, and Count II alleges that Comprehensive Care breached the stock warrant agreement. Count III seeks a declaratory judgment that Comprehensive Care improperly cancelled or attempted to cancel the stock warrant agreement. Count IV alleges that Comprehensive Care unjustly enriched itself by failing to compensate Katzman as required by his employment agreement and by an earlier consulting contract, and by failing to reimburse him for business expenses. Count V alleges that Comprehensive Care failed to indemnify Katzman for all claims against him as required by his employment agreement. Count VI alleges that Comprehensive Care invaded Katzman's privacy by filing in the Court's CM/ECF docket a transcript of the hearing of the New York State Board for Professional Medical Conduct, which allegedly contained private

information about Katzman that a reasonable person would consider highly offensive and not of public concern. Count VI also asserts that Comprehensive Care improperly obtained the transcript from its CEO, Clark Marcus, a New York lawyer who was allegedly representing Katzman in the disciplinary proceeding in New York and a related medical licensing hearing in Florida. Katzman states that he gave Marcus the transcript within a confidential attorney-client relationship.

## **STANDARD OF REVIEW**

In deciding a motion to dismiss, a district court is required to view the complaint in the light most favorable to the plaintiff. Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. Id. While the Court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions. The door to discovery will not open for a plaintiff "armed with nothing more than legal conclusions." Id. at 1950. But where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show the plaintiff is entitled to relief. Id.

4

## ANALYSIS

A.  <u>Counts I and II</u>: **Katzman Adequately Pleaded a Breach of Contract Claim in Count I, but Failed to Adequately Plead Damages in Count II**

Comprehensive Care first moves to dismiss the breach of contract claims in Counts I and II because Katzman failed to attach a copy of the employment agreement and the stock warrant agreement to the Counter-Claim. While attaching an exhibit to a complaint is a sound practice, required by the Florida Rules of Civil Procedure, the Federal Rules of Civil Procedure do not require a party to attach an exhibit to a complaint.[2] Therefore, the failure to attach the agreements to the Counter-Claim does not warrant dismissal.

Comprehensive Care Corporation also argues that the Counts I and II lack specificity because, for example, Katzman failed to allege adequate consideration for the contract and failed to identify a specific provision of the stock warrant agreement entitling him to damages. The rules do require that Katzman set out in detail the facts upon which a claim is based. <u>Iqbal</u>, 129 S. Ct. at 1949. The rules only require that Katzman set out enough information to make his claim plausible and to provide Comprehensive Care with notice of the claims against it. "[F]or better or for worse, the Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can." <u>In re Se. Banking Corp.</u>, 69 F.3d 1539, 1551 (11th Cir. 1995). Katzman has met his burden by pleading the essential elements of a breach of contract claim: the existence of a valid contract, a material

---

[2] <u>See</u> <u>United States v. Vernon</u>, 108 F.R.D. 74, 7421 (S.D. Fla. 1986) (citing 5 Charles Alan Wright et al. <u>Fed. Prac. & Proc.</u> 1327). <u>See</u> <u>also</u> <u>Acciard v. Whitney</u>, No. 2:07-cv-476-Ft.M-34-SPC, 2007 WL 4557256 (M.D. Fla. Dec. 21, 2007).

5

breach, and resulting damages.[3]  Therefore, Count I survives the motion to dismiss.

In Count II, Katzman has adequately pleaded the existence of a valid stock warrant contract and a material breach of the stock warrant contract by alleging that Comprehensive Care cancelled the contract in violation of a provision that limits Comprehensive Care's ability to cancel the warrants.  However, Katzman has not pleaded a plausible claim for damages because he does not explain how he was damaged by cancellation of stock warrants in July 2009 that he did not hold.  While Katzman initially received the stock warrants from Comprehensive Care as part of his compensation, he transferred the stock warrants to his adult children in June 2009.  Katzman does not state whether he gave his children the stock warrants as a gift, in payment for a debt, as part of a restructuring of his finances, or for some other purpose.  Katzman also does not state whether he retains an ownership interest in the warrants, or whether he will benefit from the warrants.  Moreover, Katzman failed to plead that his children intend to exercise their right in the stock warrant agreement to purchase stock in Comprehensive Care.  Thus, Katzman has not provided Comprehensive Care with adequate notice of a plausible claim for damages.

Therefore, Count II of Katzman's Counter-Claim is dismissed without prejudice to the right of Katzman to re-file an Amended Counter-Claim as to Count II by April 19, 2010.

    **B.**    **<u>Counts III:</u>**  **Katzman Failed to Establish an Interest in an Actual Controversy to Make a Claim Under 28 U.C.S. § 2201**

The Declaratory Judgment Act grants this Court the discretionary power to declare the rights of any "interested party" in a case of an "actual controversy" within its jurisdiction.  28 U.S.C. § 2201.  In deciding whether an actual controversy exists, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial

---

[3] <u>Friedman v. N.Y. Life Ins. Co.</u>, 985 So. 2d 56, 58 (Fla. 4th DCA 2008) (internal citations omitted).

controversy, between *parties having adverse legal interests*, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[4]

Katzman seeks a declaratory judgment that the stock warrants transferred to his adult children are valid. Comprehensive Care Corporation moves to dismiss because it claims that "no actual controversy" exists over the validity of the stock warrants. While a controversy may exist over the warrants' validity, the pleadings do not state a plausible claim that the controversy exists between the two parties in this case.

In order to seek a declaratory judgment under 28 U.S.C. § 2201, Katzman must be an "interested party" with a legal interest adverse to Comprehensive Care's legal interest.[5] While Katzman had a legal interest in the stock warrants at the time he held them, the pleadings do not make apparent what legal interest, if any, he holds in stock warrants that he has given away. Thus, Katzman has not made out a plausible claim to seek a declaratory judgment for his adult children's rights over the stock warrants.

Therefore, Count III of Katzman's Counter-Claim is dismissed without prejudice to the right of Katzman or his children to file an Amended Counter-Claim as to Count III by April 19, 2010.

    **C.**     **Counts IV and V: Katzman Sufficiently Pleaded Claims for Unjust Enrichment and Indemnification**

Comprehensive Care also moves to dismiss Count IV for unjust enrichment because Katzman failed to state the amount of benefit he conferred on Comprehensive Care by raising

---

[4] Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272 (1941) (emphasis added).

[5] Sullivan v. Div of Elections, 718 F.2d 363, 365 (11th Cir. 1983) (citing Wolfer v. Thaler, 525 F.2d 977, 979 (5th Cir. 1976)).

money for the company[6] and did not state how much Comprehensive Care allegedly must reimburse him for business expenses.[7] Because Katzman is not required to plead the details of his case and has sufficiently pleaded a plausible claim for unjust enrichment, Count IV survives the motion to dismiss.

Comprehensive Care also moves to dismiss Count V for indemnification because it asserts that Katzman's interpretation of the indemnification clause of his employment contract is not "reasonable." In ruling on a motion to dismiss, the Court does not determine whether the plaintiff has reasonably interpreted a contract. Because Katzman has sufficiently pleaded a plausible claim for indemnification, Count V survives the motion to dismiss.

### D. <u>Count VI</u>: **Katzman Failed to Adequately Plead an Invasion of Privacy Claim**

In Count VI, Katzman failed to adequately plead a plausible claim for invasion of privacy in order to provide Comprehensive Care with adequate notice of the claim it must defend. First, Katzman has not identified the legal basis for his invasion of privacy claim. The Counter-Claim does not state whether the claim is based on a federal constitutional right to privacy, a state constitutional right to privacy, a common law right to privacy, a statutory right to privacy under Florida, New York or federal law, or some combination of rights.

Assuming, for purpose of discussion, that Katzman's claim is based on Florida common law, Florida recognizes three distinct torts for invasion of privacy: (1) appropriation of a

---

[6] The elements of an unjust enrichment claim under Florida law are (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value of the benefit. Fla. Power Corp. v. City of Winter Park, 887 So. 2d 1237, 1241 n.4 (Fla. 2004).

[7] Comprehensive Care failed to timely raise in its motion to dismiss the argument that Katzman's unjust enrichment claim must be dismissed because an adequate remedy at law exists. See Order to Strike of January 26, 2010. (Doc. 87.) Therefore, Comprehensive Care waived the argument for purposes of a motion to dismiss.

8

person's name or likeliness, (2) intrusion upon seclusion, and (3) public disclosure of private facts.[8]  Although not entirely clear, Count VI appears to plead a claim for the tort of public disclosure of private facts.  Under Florida, the tort requires that a party prove (1) publication to a large number of people,[9] (2) of private facts (3) whose publication would be highly offensive to a reasonable person and (4) are not of public concern.[10]

Katzman's Counter-Claim fails to give Comprehensive Care adequate notice because Katzman failed to plead which statements in the 120-page transcript constitute confidential information that are highly offensive to a reasonable person and not of public concern.  Since the transcript memorializes the proceedings of a state board that regulates medical doctors, much of the transcript may likely contain matters of public concern.  Therefore, in order for Comprehensive Care to receive adequate notice of the claim against it, Katzman must provide some idea of what information in the transcript allegedly caused injury.  Katzman also has not stated whether the transcript itself is confidential as a document under New York state law, whether the transcript simply reveals confidential information about Katzman, or both.

In its motion to dismiss, Comprehensive Care argues that Katzman's invasion of privacy claim should be dismissed as a matter of law because the invasion of privacy allegedly occurred by publication of a public record.  Comprehensive Care also argues that no cause of action exists where the publication of the private information occurs as part of a judicial proceeding.

---

[8] See Allstate Ins. Co. v. Ginsberg, 863 So. 2d 156, 160-62 (Fla. 2003).  Florida no longer recognizes the tort of false light.  Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1100 (Fla. 2008).

[9] Steele v. Offshore Shipbuilding, Inc., 867 F.2d 1311, 1315 (11th Cir. 1989) (internal citations omitted) ("In Florida, except in cases of physical invasion, the tort of invasion of privacy must be accompanied by publication to the public in general or to a large number of persons.")

[10] Cape Publ'ns, Inc. v. Hitchner, 549 So. 2d 1374, 1377 (Fla. 1989).

However, Comprehensive Care must do more than simply assert that the transcript is a "public record." If Comprehensive Care wishes the Court to consider its argument, it should cite to the relevant New York law that governs access to the transcript and records of the New York State Board for Professional Medical Conduct. It should also cite case law supporting its argument. Neither the motion to dismiss, nor the longer amended motion to dismiss that the Court struck as untimely, cite any relevant case law.

Comprehensive Care also argues that Katzman's claim for punitive damages on Count VI must be stricken "as improper under Florida law." While the basis for Comprehensive Care's objection is not entirely clear, Comprehensive Care apparently asserts that in order to seek punitive damages Katzman must follow heightened pleading standards under Florida Statute § 768.72. The Federal Rules, however, govern the pleading standard for punitive damages in federal court and preempt Florida law.[11] Therefore, Katzman properly pleaded punitive damages.

Count VI of Katzman's Counter-Claim is dismissed without prejudice to the right of Katzman to file an Amended Counter-Claim as to Count VI by April 19, 2010.

## CONCLUSION

Accordingly, the motion to dismiss (Doc. 85) is **DENIED** as to Counts I, IV, and V, and **GRANTED without prejudice** as to Counts II, III, and VI. Katzman is granted leave to file an Amended Counter-Claim as to Counts II, III, and VI by April 19, 2010.

Although not required by the Federal Rules of Civil Procedure, the Court also orders Katzman to attach as an exhibit to the Amended Counter-Claim the relevant stock warrant and

---

[11] Porter v. Ogden, Newell & Welch, 241 F.3d 1334, 1340 (11th Cir. 2001) (citing Cohen v. Office Depot, Inc., 184 F.3d 1292, 1299 (11th Cir. 1999), vacated in part, 204 F.3d 1069 (11th Cir. 2000)).

10

employment agreements.

      **IT IS SO ORDERED**.

Done in Tampa, Florida, on April 9, 2010.

SUSAN C. BUCKLEW
United States District Judge