UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

       Plaintiff,

v.                                            Case No.: 8:09-cv-01375-T-24-TBM

JERRY KATZMAN,

       Defendant.
_____/

JERRY KATZMAN,
JARED KATZMAN,
LEE KATZMAN,
MICHELLE KATZMAN,

       Counter-Plaintiffs,

v.

COMPREHENSIVE CARE
CORPORATION,

       Counter-Defendant.
_____/

**ORDER DENYING MOTION TO**
**<u>STRIKE AFFIRMATIVE DEFENSES</u>**

       The Court now considers Plaintiff Comprehensive Care Corporation's motion to strike Defendant Jerry Katzman's affirmative defenses. (Doc. 163.) Although the time for Katzman to respond has not yet run, the Court will rule on this motion without a response.

       Comprehensive Care filed this motion without citing to any legal authority as required by

1

Local Rule 3.01(a) and without certifying that it conferred in good faith with opposing counsel to resolve the motion as required by Local Rule 3.01(g).

However, even if Comprehensive Care Corporation had complied with the Local Rules, the Court would still deny the motion, as it has no merit.

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999) (internal citations omitted).

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (internal citations omitted). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citation omitted).

Comprehensive Care Corporation has offered no reason why the affirmative defenses are insufficient as a matter of law and has provided no legal authority to support its motion to strike. Furthermore, the Federal Rules of Civil Procedure do not provide for Plaintiff to offer a reply to Defendant's affirmative defenses.

Comprehensive Care Corporation should take notice of the Court's limited resources and should refrain from filing motions that do not affect the outcome of the case and appear to have no other purpose than to generate attorneys' fees or burden opposing counsel with responding to an unnecessary motion. These type of frivolous motions prevent the Court from ruling on substantive motions.

**IT IS SO ORDERED.**

Done in Tampa, Florida on May 6, 2010.

SUSAN C. BUCKLEW
United States District Judge