UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

Plaintiff,

v. Case No. 8:09-cv-1375-T-24 TBM

JERRY KATZMAN,

Defendant.
_________________________________/

JERRY KATZMAN, JARED KATZMAN,
LEE KATZMAN, and MICHELLE KATZMAN,

Counter-Plaintiffs,

v.

COMPREHENSIVE CARE
CORPORATION,

Counter-Defendant.
_________________________________/

**ORDER**

The Court now considers the Motion in Limine filed by Plaintiff Comprehensive Care Corporation. (Doc. No. 241). Dr. Jerry Katzman and his children, Jared, Lee, and Michelle Katzman oppose this motion. (Doc. No. 246).

Comprehensive Care filed the instant motion to exclude any and all evidence regarding the following: (1) audio recordings or transcripts of voice messages from Clark Marcus ("Mr. Marcus"), a member of Comprehensive Care's Board of Directors, and Sharon Mandel ("Ms. Mandel"), a Comprehensive Care employee; (2) the Katzman children's claim for damages for breach of the warrant agreements to purchase shares of Series D Preferred Stock; (3) Dr.

Katzman's alleged entitlement to compensation in the amount equivalent to five years compensation under the Employment Agreement; (4) Dr. Katzman's alleged unjust enrichment damages; (5) disparaging comments or personal opinions about Mr. Marcus; (6) references to Mr. Marcus as being synonymous with Plaintiff or Comprehensive Care; and (7) any reference to Comprehensive Care's collection of evidence during the jurisdictional discovery portion of this matter. (Doc. No. 241). The Court will address each of these issues in turn.

Comprehensive Care argues that Ms. Mandel's voice message made on July 22, 2009 should be excluded on the basis that the message is irrelevant and will improperly prejudice the jury against Mr. Marcus. The Katzmans argue that Ms. Mandel's message is relevant because it shows that Dr. Katzman and Mr. Marcus were "frequently traveling together for work." Upon consideration, the Court finds that Ms. Mandel's voice message should be excluded because it is not relevant to the issues of this case.

Next, Comprehensive Care argues that portions of Mr. Marcus's voice message purportedly made to Dr. Katzman on July 17, 2009 should be redacted because they are inflammatory and highly prejudicial. Specifically, Comprehensive Care seeks to redact the word "fucking" in sentence two and the reference that Mr. Marcus will "cut your balls off." The Katzmans respond that this voice message is relevant to Dr. Katzman's defense that Comprehensive Care initiated this lawsuit to harass and prevent him from exercising his contractual rights under his Employment Agreement. The Court agrees that the entire voice message is relevant and should not be excluded from trial. However, the Court notes that the Katzmans still bear the burden of properly authenticating the voice message at trial.

Next, Comprehensive Care argues that Mr. Marcus's voice message made on August 26,

2009 should be excluded on the basis that the message is a confidential settlement communication. The Katzmans respond that no settlement offer was made in the voice message and that the message is simply one long threat. The Court agrees that the voice message is not a confidential settlement communication; however, the Court finds that the message should be excluded on the basis that it is irrelevant to any issue in this case. The voice message, which repeatedly asked Dr. Katzman to call Mr. Marcus to discuss the lawsuit, was made well after Dr. Katzman had been fired and after Comprehensive Care had initiated this lawsuit.

Next, Comprehensive Care argues that any evidence regarding the Katzman children's alleged entitlement to damages for breach of the warrant agreement to purchase Series D Preferred Stock should be excluded from trial. Comprehensive Care contends that the Katzman children cannot establish the facts necessary to prove they are entitled to damages, and that the damages they are claiming are purely speculative. The Katzmans may not be able to prove damages but that is a matter of proof at trial. The motion to exclude this evidence is denied.

Next, Comprehensive Care asks the Court to exclude any evidence indicating that Comprehensive Care is required to pay Dr. Katzman compensation for five years upon termination of his employment. Comprehensive Care argues that Dr. Katzman cannot meet the conditions precedent of Section 4(a) of the Employment Agreement, which would force Comprehensive Care to compensate him for five years if he prevails on his breach of contract counterclaim. The Katzmans respond that Section 4(a) should be construed to allow Dr. Katzman to receive compensation for five years if he prevails on his breach of contract counterclaim. Upon consideration of Section 4(a) of the Employment Agreement, the Court finds that the meaning of the provision is unclear, and therefore, should be left for the trier of

fact. The Court denies Comprehensive Care's motion to exclude evidence as to this issue.

Next, Comprehensive Care argues that evidence regarding Dr. Katzman's alleged unjust enrichment damages, including evidence of personal loans made by Dr. Katzman and evidence of fees due to Dr. Katzman for work he performed for Comprehensive Care prior to his official employment, should be excluded from trial. Comprehensive Care argues that evidence of this alleged unjust enrichment is unduly prejudicial, irrelevant to any issue in the case, and that the damages claimed by Dr. Katzman are speculative. The Court is unable to decide this pre-trial and therefore denies the motion to exclude this evidence.

Next, Comprehensive Care requests that the Court preclude any witnesses from making disparaging comments about Mr. Marcus or testifying as to their personal opinions of Mr. Marcus. The Court denies this request.

Next, Comprehensive Care argues that the Court should preclude any witnesses, parties, or opposing counsel from referring to Mr. Marcus as the plaintiff or as being synonymous with Comprehensive Care. Mr. Marcus is not the plaintiff in this case, and therefore, he cannot be referred to as such. However, the Court notes that Mr. Marcus was the CEO of Comprehensive Care at the time Dr. Katzman was hired and fired, and that Mr. Marcus was involved in all of the events that led to this litigation. Additionally, Mr. Marcus remains CEO and Chairman of Comprehensive Care's Board of Directors as this case goes to trial.

Finally, Comprehensive Care requests the Court to exclude all references regarding Comprehensive Care's method of collecting evidence during discovery related to the Court's jurisdiction over this case. The Court agrees with Comprehensive Care that evidence related to the collection of jurisdictional evidence is irrelevant and should be excluded from trial.

Accordingly, it is ORDERED AND ADJUDGED that Comprehensive Care's Motion in Limine (Doc. No. 241) is **GRANTED IN PART AND DENIED IN PART**:

(1) The motion is **GRANTED** as to the exclusion of the recording of the voice message of Sharon Mandel.

(2) The motion is **DENIED** as to the exclusion or redaction of the recording of the July 17, 2009 voice message of Clark Marcus.

(3) The motion is **GRANTED** as to the exclusion of the recording of the August 26, 2009 voice message of Clark Marcus.

(4) The motion is **DENIED** as to the exclusion of evidence regarding the Katzman children's claim for damages for breach of the Warrants to Purchase Shares of Series D Preferred Stock.

(5) The motion is **DENIED** as to the exclusion of evidence regarding Dr. Katzman's alleged entitlement to compensation in the amount equivalent to five years.

(6) The motion is **DENIED** as to the exclusion of evidence of unjust enrichment damages sought by Dr. Katzman.

(7) The motion is **DENIED** as to disparaging comments or personal opinions about Clark Marcus.

(8) The motion is **GRANTED** as to any reference to Clark Marcus as being synonymous with Plaintiff; however, the Court does not preclude witnesses, parties, or opposing counsel from referring to Mr. Marcus as the CEO or a Director of Comprehensive Care.

(9) The motion is **GRANTED** as to the exclusion of evidence regarding actions

during the jurisdictional discovery.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of September, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record