UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

    Plaintiff,

v.    Case No.  8:09-cv-1375-T-24 TBM

JERRY KATZMAN,

    Defendant.
_____/

JERRY KATZMAN, JARED KATZMAN,
LEE KATZMAN, and MICHELLE KATZMAN,

    Counter-Plaintiffs,

v.

COMPREHENSIVE CARE
CORPORATION,

    Counter-Defendant.
_____/

**ORDER**

The Court now considers Motions in Limine filed by Dr. Jerry Katzman and his children, Jared, Lee, and Michelle Katzman. (Doc. No. 238 & 239).  Comprehensive Care Corporation opposes these motions.  (Doc. No. 249 & 250).  The Katzmans filed Motion in Limine No. 1 to exclude all inquiry, evidence, and testimony at trial regarding (1) Dr. Katzman's medical license and any proceedings related thereto, (2) any reference to judgments against Dr. Katzman, and (3) Dr. Katzman's alleged use of human growth hormones. (Doc. No. 238).  The Katzmans filed Motion in Limine No. 2 to strike six of Comprehensive Care's trial witnesses: Arthur Yeap,

Sharon Kay Ray, Anthony Annul, Rob Dollinger, Garges Purtee, and Robert Kranc. (Doc. No. 239). The Court will address each of these motions in turn.

**I.      Motion in Limine No. 1**

The Katzmans argue that any evidence regarding Dr. Katzman's medical license and license revocation proceedings in New York is irrelevant and thus should be excluded from trial. Comprehensive Care argues that the New York license revocation matter is relevant to proving a pattern of Dr. Katzman's intent to deceive and defraud corporate entities, such as Comprehensive Care. The Court agrees with the Katzmans that any evidence relating to Dr. Katzman's medical licensing issues is irrelevant; however, the Court will not preclude Comprehensive Care from using such evidence for impeachment purposes only.

Next, the Katzmans argue that any evidence relating to the final judgments obtained against Dr. Katzman by Southern Commerce Bank is irrelevant. Comprehensive Care argues that the final judgments are relevant to proving Dr. Katzman's alleged pattern of intent to deceive and defraud corporate entities. The final judgments were obtained in 1992 and thus the Court agrees with the Katzmans that they are irrelevant, and evidence regarding the judgments should be excluded from trial. However, evidence related to these final judgments will be permitted for impeachment purposes only.

Finally, the Katzmans argue that any inquiry or evidence regarding Dr. Katzman's alleged use of human growth hormones is also irrelevant. Comprehensive Care argues that Dr. Katzman's alleged use of human growth hormones is relevant because such use affected his ability to perform his obligations under his Employment Agreement with Comprehensive Care. The Court prefers to address the admissibility of the human growth hormone evidence at trial,

and therefore the Court denies without prejudice the Katzmans' request to preclude such evidence. However, the Court directs both parties to refrain from discussing any issues relating to human growth hormones during their opening arguments.

## II.     Motion in Limine No. 2

The Katzmans argue that Comprehensive Care should be precluded from calling the following witnesses at trial: Arthur Yeap, Sharon Kay Ray, Anthony Annul, Rob Dollinger, Garges Purtee, and Robert Kranc. The Katzmans contend that these witnesses should be excluded because Comprehensive Care did not disclose its intention to call these witnesses during the discovery portion of this case. Comprehensive Care disclosed these witnesses in the Amended Pretrial Statement, filed on August 20, 2010. Due to the late disclosure of the witnesses, the Katzmans argue that they will be greatly prejudiced if these witnesses are permitted to testify.

Comprehensive Care argues that the Katzmans will not be prejudiced by allowing each of the six witnesses to testify. Specifically, Arthur Yeap and Sharon Kay Ray, both members of Comprehensive Care's Board of Directors, were listed as potential witnesses and/or as persons who may possess discoverable information by the Katzmans. Because these witnesses are members of Comprehensive Care's Board of Directors and because the Katzmans initially indicated that they were possible witnesses, the Court will permit Mr. Yeap and Ms. Ray to testify.

Next, Comprehensive Care argues that Anthony Annul, the head of Information Technology at Comprehensive Care, should not be precluded from testifying because the Katzmans were aware that Mr. Annul was the most knowledgeable person at Comprehensive

Care's Information Technology Department. During the Katzmans' deposition of Andy Bacon, a representative of Comprehensive Care with knowledge of the computer systems, the Katzmans were informed that Mr. Annul had more knowledge than Mr. Bacon with regards to the Information Technology Department at Comprehensive Care. Therefore, the Court agrees that Mr. Annul should not be precluded from testifying.

Next, Comprehensive Care argues that Rob Dollinger, Dr. Katzman's stockbroker, should not be precluded from testifying because Comprehensive Care learned of Mr. Dollinger's identity after the discovery deadline. Additionally, Comprehensive Care notes that the Katzmans were aware of Mr. Dollinger at all relevant times to this lawsuit. The Court agrees with Comprehensive Care and will permit Mr. Dollinger to testify.

Finally, Comprehensive Care contends that Garges Purtee, a real estate broker, and Robert Kranc, the owner of Dr. Katzman's leased housing during his employment with Comprehensive Care, should be permitted to testify because the Katzmans deposed both Mr. Purtee and Mr. Kranc. The Court agrees with Comprehensive Care and will permit both Mr. Purtee and Mr. Kranc to testify.

**III.   Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that the Katzmans' Motion in Limine No. 1 (Doc. No. 238) is **GRANTED IN PART AND DENIED IN PART**:

    (1)   The motion is GRANTED as to evidence regarding Dr. Katzman's medical license and proceedings related thereto; however, such evidence will be permitted for impeachment purposes only.

    (2)   The motion is GRANTED as to evidence regarding the Final Judgments

    obtained against Dr. Katzman by Southern Commerce Bank; however, such evidence will be permitted for impeachment purposes only.

(3) The motion is DENIED WITHOUT PREJUDICE as to evidence relating to Dr. Katzman's use of human growth hormones; however, parties are directed to refrain from mentioning such evidence during opening statements.

Additionally, it is **ORDERED AND ADJUDGED** that the Katzmans' Motion in Limine No. 2 (Doc. No. 239) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of September, 2010.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

5