UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

    Plaintiff,

v.                                                  Case No. 8:09-cv-1375-T-24 TBM

JERRY KATZMAN,

    Defendant.
_____/

JERRY KATZMAN, JARED KATZMAN,
LEE KATZMAN, and MICHELLE KATZMAN,

    Counter-Plaintiffs,

v.

COMPREHENSIVE CARE
CORPORATION,

    Counter-Defendant.
_____/

## ORDER

This cause comes before the Court on the Katzmans' Motion for Miscellaneous Relief requesting this Court to hold a Charge Conference before opening statements. (Doc. No. 275). Comprehensive Care opposes this motion. (Doc. No. 276). Upon consideration of the instant motion and response, the motion to hold a pre-trial charge conference is DENIED. However, the Court agrees that Comprehensive Care's verdict form and jury instructions reflect a misunderstanding about the issues remaining for trial. Therefore the Court will attempt to address the concerns raised by the Katzmans in their motion.

## I.   Count I: Fraud in the Inducement

The issue for the Jury is whether Dr. Katzman fraudulently induced Comprehensive Care to enter into the Employment Agreement by representing that he intended to work full-time for Comprehensive Care and would use his best efforts during his employment when in fact Dr. Katzman knew these representations were false.  The evidence introduced for this claim should be relevant to whether or not Dr. Katzman acted fraudulently at the time he entered into the Employment Agreement.  However, the Court will not exclude relevant evidence regarding whether or not Dr. Katzman actually worked full-time or put forth his best efforts because it is relevant to his intention at the time he entered into the agreement.

## II.   Count II: Breach of Contract

Comprehensive Care requested the equitable remedy of rescission as to this claim. Therefore, the issue for the jury is essentially the same as the issue in Count I:  whether Dr. Katzman breached the employment agreement by agreeing to work full time and agreeing he would use his best efforts during his employment when in fact he had no intention of doing so at the time he entered into the agreement.  The remedy sought by Comprehensive Care is rescission; therefore the jury will not be asked to decide money damages or mitigation of damages, and no verdict form will be submitted to the jury regarding damages or mitigation of damages as to this Count.

The Court is mindful of the fact that it has previously determined that Dr. Katzman was not properly terminated for misconduct under section 4(c) of the employment agreement. Therefore, evidence of misconduct will not be permitted nor will the Jury be asked to determine the Breach of Contract Claim based on violations of section 4(c).  A factual issue still remains

as to whether Comprehensive Care was justified in its termination of Dr. Katzman pursuant to Section 4(d) of the Employment Agreement. Section 4(d) permits Comprehensive Care to fire Dr. Katzman for misrepresentations within the Employment Agreement itself, without notice and without an opportunity to cure.

### III.   Counterclaim Counts II & III: Breach of Stock Warrants & Declaratory Judgment on Stock Warrants

The issue in this claim is whether Comprehensive Care committed a breach when it cancelled the stock warrants issued to Jared, Lee, and Michelle Katzman. In its summary judgment order, the Court determined that the Employment Agreement and stock warrants are related contracts. (Doc. No. 215 at 17). The Court also determined that the stock warrants are legally enforceable contracts that bound Comprehensive Care. Id. at 20. Therefore, the issue of whether Comprehensive Care breached the stock warrants is dependent upon whether the Jury finds that the Dr. Katzman's Employment Agreement should be rescinded.

If the jury finds that Comprehensive Care should prevail on its prayer for rescission of the Employment Agreement as to either Count I or Count II, it is determined as a matter of law that Comprehensive Care did not commit a breach as to the stock warrants. On the other hand, if Comprehensive Care fails in proving both Counts I and II and is not granted rescission of the Employment Agreement, it is determined as a matter of law that Comprehensive Care committed a breach when it cancelled the stock warrants. In that case, the only question left for the jury is what damages, if any, should be awarded to Jared, Lee, and Michelle Katzman for the breach.

No questions regarding whether or not Jared, Lee or Michelle Katzman were accredited investors will be asked of the Jury on the verdict form.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of September, 2010.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record