UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

       Plaintiff,

v.                                            Case No. 8:09-cv-1375-T-24 TBM

JERRY KATZMAN,

       Defendant.
_____/

JERRY KATZMAN, JARED KATZMAN,
LEE KATZMAN, and MICHELLE KATZMAN,

       Counter-Plaintiffs,

v.

COMPREHENSIVE CARE
CORPORATION,

       Counter-Defendant.
_____/

**ORDER**

       This cause comes before the Court on Comprehensive Care Corporation's Emergency Motion for Contempt. (Doc. No. 323). Dr. Katzman opposes this motion. (Doc. No. 328).

       This case is in the post-trial stage of litigation. On October 1, 2010, after a week-long trial, the jury returned a verdict finding that Dr. Katzman had not committed fraud in the inducement in his employment agreement but also finding that Dr. Katzman was entitled to zero damages for Comprehensive Care's early termination of his employment under that agreement.

(Doc. No. 300). One post-trial issue that this Court must decide is whether Dr. Katzman is entitled to indemnification, and, if so, the amount of indemnification Dr. Katzman should receive under the Employment Agreement.

On October 12, 2010, Dr. Katzman filed a motion for Final Judgment for Indemnification and Damages. (Doc. No. 315). In this motion for final judgment, Dr. Katzman seeks, among other things, a final judgment that he is entitled to indemnification for expenses and attorney's fees connected to this lawsuit. Id. at 3. Interestingly, on October 22, 2010, Dr. Katzman filed a complaint in the Delaware Court of Chancery. (Doc. No. 323, Ex. B). In the Delaware proceeding, Dr. Katzman seeks indemnification for the same expenses and attorney's fees that are at issue in the instant case.

Comprehensive Care filed the instant motion asking this Court to hold Dr. Katzman in contempt for filing suit with an identical indemnification claim to the one pending before this Court. (Doc. No. 323). Dr. Katzman responded that his filing of the Delaware lawsuit promotes judicial economy, because in Delaware, he is pursuing indemnification related to the instant case, advancement for a potential appeal in the instant case, and indemnification related to a case filed by Comprehensive Care that is set for trial in front of Judge Whittemore in 2011. See Comprehensive Care Corporation v. Jerry Katzman, *et al.*, CASE NO. 8:10-cv-942-T-27-TGW. The Court finds Dr. Katzman's response to be disingenuous as the Delaware complaint does not mention advancement for a potential appeal nor indemnification arising from the case in front of Judge Whittemore.

Although the Court finds Dr. Katzman's litigation strategy puzzling, it is not for this Court to levy sanctions against Dr. Katzman for the filing of his Delaware case. If

Comprehensive Care wishes to pursue sanctions against Dr. Katzman for the filing of the Delaware litigation, Comprehensive Care must do so in Delaware. This Court will go forward with making its determination regarding whether Dr. Katzman is entitled to indemnification for expenses and attorney's fees arising out of the instant case, and, if so, the amount of indemnification to be awarded.

Accordingly, it is ORDERED AND ADJUDGED that Comprehensive Care's Emergency Motion for Contempt is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of November, 2010.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge