UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

        Plaintiff,

v.                                                  Case No. 8:09-cv-1375-T-24 TBM

JERRY KATZMAN,

        Defendant.
_____/

JERRY KATZMAN, JARED KATZMAN,
LEE KATZMAN, and MICHELLE KATZMAN,

        Counter-Plaintiffs,

v.

COMPREHENSIVE CARE
CORPORATION,

        Counter-Defendant.
_____/

**ORDER**

        This cause comes before the Court on Comprehensive Care's amended motion for rehearing and/or reconsideration. (Doc. No. 355). Comprehensive Care moves the Court to reconsider its January 28, 2011 order (Doc. No. 338), in which the Court granted, in part, Dr. Jerry Katzman's motion for final judgment as to damages and indemnification (Doc. No. 315) and Jared, Lee, and Michelle Katzman's motion for final judgment as to reinstatement of the stock warrants (Doc. No. 314). The Katzmans filed a response in opposition. (Doc. No. 363).

**I.      Background**

On October 1, 2010, the jury returned a verdict for Dr. Katzman on Comprehensive Care's fraud claim, finding that Dr. Katzman did not commit fraud in the inducement when he entered into the Employment Agreement (the "Agreement") with Comprehensive Care, and thereby finding that Comprehensive Care breached the Agreement when it terminated him. The jury also found that Dr. Katzman should be awarded zero dollars in damages for Comprehensive Care's breach of the Agreement.

On October 12, 2010, Dr. Katzman filed a motion for entry of final judgment for indemnification and damages (Doc. No. 315), and the Katzman children filed a motion for entry of final judgment as to the stock warrants (Doc. No. 314).  In his motion for final judgment, Dr. Katzman requested the Court to (1) enter final judgment in his favor as to his claim for indemnification under Section 16 of the Agreement, (2) grant his renewed motion for judgment as a matter of law on Comprehensive Care's mitigation defense to Dr. Katzman's breach of contract counterclaim; (3) amend the inconsistent damage verdict; and (4) enter a judgment for money damages consistent with the jury's finding in favor of Dr. Katzman on Comprehensive Care's fraud claim, or in the alternative, grant a new trial solely on the issue of damages.  (Doc. No. 315).  In their motion for final judgment, the Katzman children requested the Court to enter final judgment in their favor finding that Comprehensive Care breached the stock warrants when it unilaterally canceled them and to enter an order that the stock warrants be reinstated.  (Doc. No. 314).  Comprehensive Care filed responses in opposition to these motions.

On January 28, 2011, after consideration of the motions for final judgment, the responses in opposition, and the entire record, the Court issued an order (1) directing Comprehensive Care

to reinstate the Katzman children's stock warrants; (2) awarding Dr. Katzman indemnification from Comprehensive Care for reasonable attorneys' fees and costs incurred in defending Comprehensive Care's claims and pursuing his breach of contract and indemnification counterclaims;[1] (3) granting Dr. Katzman's renewed motion for judgment as a matter of law on Comprehensive Care's mitigation defense to Dr. Katzman's breach of contract counterclaim; and (4) amending the jury's inconsistent verdict and awarding Dr. Katzman $1,306,456.00 in damages.[2]  On February 1, 2011, the Clerk entered final judgment in favor of the Katzman children and Dr. Katzman pursuant to the order entered by the Court on January 28, 2011.  (Doc. No. 339).  On February 22, 2011, Comprehensive Care filed the instant amended motion for rehearing and/or reconsideration of the Court's January 28, 2011 order.  (Doc. No. 355).

**II.    Standard of Review**

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).  "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued.  Denial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue an earlier stage in the litigation."  *Sanderlin v. Seminole Tribe of*

---

[1] However, the Court held that Dr. Katzman was not entitled to attorneys' fees and costs associated with his motion for lack of subject matter jurisdiction and related jurisdictional discovery.

[2] The Court determined that Dr. Katzman was entitled to $1,306,456.00 in damages, which consisted of compensation and benefits for the three year term of the Agreement.

*Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001) (internal citations and quotations omitted).

### III. Motion for Reconsideration

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, Comprehensive Care moves the Court for rehearing and/or reconsideration of the Court's January 28, 2011 order, arguing that the Court should find that (1) Dr. Katzman waived his right to challenge the verdict's alleged inconsistency pursuant to Rule 49(b), or in the alternative, order a new trial; and (2) the Katzman children are not entitled to reinstatement of the stock warrants. Comprehensive Care argues that the Court should reconsider its January 28, 2011 order on the grounds that the Court's order "[was] based upon clear legal error that was not previously addressed by this Court or the parties." (Doc. No. 355 at 4). In their response in opposition, the Katzmans argue that the Court should deny Comprehensive Care's motion because Comprehensive Care failed to establish that its new argument concerning waiver under Rule 49(b) was previously unavailable and could not have been raised prior to this Court's entry of final judgement. (Doc. No. 363 at 4). Additionally, the Katzmans argue, even if the Court entertains Comprehensive Care's new Rule 49(b) waiver argument, the Court correctly awarded damages to Dr. Katzman pursuant to Federal Rule of Civil Procedure 50(b) as judgment as a matter of law. *Id.* at 8.

In the January 28, 2011 order, the Court awarded Dr. Katzman $1,306,456.00 in damages rather than the $0.00 in damages awarded to him by the jury. The Court found the jury's verdict inconsistent and modified the verdict because when the jury entered a verdict in favor of Dr. Katzman on the fraud claim and the Court determined that Comprehensive Care failed to establish its mitigation defense, Dr. Katzman was entitled to three years of compensation under the Agreement. Thus, the Court awarded Dr. Katzman $1,306,456.00 in damages, which was

equivalent to three years compensation and benefits under the Agreement.

**A.     Rule 49(b)**

In its January 28, 2011 order, the Court relied on Rule 49(b) of the Federal Rules of Civil Procedure to amend the jury's zero dollar verdict. Rule 49(b) applies to general verdicts coupled with special interrogatories. Rule 49(b)(3) provides:

> When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may: (A) approve, for entry under Rule 58, an appropriate judgment according to the answers, notwithstanding the general verdict; (B) direct the jury to further consider its answers and verdict; or (C) order a new trial.

The Court amended the jury's verdict pursuant to Rule 49(b)(3)(A), which allows for a court to enter judgment according to the answers to the special interrogatories, notwithstanding the general verdict.[3]

In the instant motion for rehearing and/or reconsideration, Comprehensive Care argues that the Court committed clear legal error by amending the jury's damage award pursuant to Rule 49(b), because Dr. Katzman waived his right to challenge the jury's verdict as inconsistent pursuant to Rule 49(b) when he failed to ask the Court to return the matter to the jury before it was discharged. While this waiver argument was not provided to the Court prior to the Court's entry of judgment for Dr. Katzman, the Court agrees with Comprehensive Care that it is established law in this circuit that in order to challenge a jury's verdict pursuant to Rule 49(b), a

---

[3]In this case, the special interrogatories were the five factual questions on the verdict form relating to whether Dr. Katzman committed fraud in the inducement. The jury answered those questions consistently, finding that Dr. Katzman did not commit fraud. The general verdict was the amount of damages that the jury determined Dr. Katzman was entitled to once it found that he did not commit fraud. *See Wilbur v. Correctional Services Corp.*, 393 F.3d 1192, 1200-03 (11th Cir. 2004); *Nimnicht v. Evans*, 477 F.2d 133, 135 (5th Cir. 1973).

party must first request that the issue be resubmitted to the jury; otherwise, a waiver occurs of the alleged inconsistency. *See Wilbur*, 393 F.3d at 1200 n. 4 ("As a general rule, a party must raise a Rule 49(b) challenge to the form of the verdict and the jury's answers at the time they are announced by the jury, and failure to do so constitutes waiver."); *Stancill v. McKenzie Tank Lines, Inc.*, 497 F.2d 529, 534-35 (5th Cir. 1974) (holding that "[b]y failing to object to the form of the verdict and answers at the time they were announced by the jury, both parties waived any objection to inconsistencies under Rule 49(b)").[4]

Dr. Katzman did not request the Court to resubmit the inconsistent verdict to the jury after the jury announced its verdict. Rather, the Court discharged the jury and only then did Dr. Katzman's counsel state that they planned to file a post-trial motion pursuant to Rule 49. Accordingly, based on the case law in this circuit, the Court finds that Dr. Katzman waived his right to challenge the jury's verdict as inconsistent pursuant to Rule 49(b).

**B.     Rule 50(b)**

In response to Comprehensive Care's waiver argument, Dr. Katzman argues that even if this Court finds that Dr. Katzman waived his Rule 49(b) challenge to the verdict's inconsistency, the Court may still amend the jury's verdict pursuant to Rule 50(b). This Court agrees.

In his motion for final judgment as to indemnification and damages, Dr. Katzman moved the Court to amend his damage award pursuant to Rule 49(b) ***and Rule 50(b)***. (Doc. No. 363 at 11). Rule 50(b)(3) of the Federal Rules of Civil procedure provides:

> If the court does not grant a motion for judgment as a matter of law made under

---

[4]In *Bonnor v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.

> Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may . . . (3) direct entry of judgment as a matter of law.

According to the law of this circuit, "[u]nder Rule 50(b), a party may renew its motion for judgment as a matter of law after the jury has returned its verdict, if there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." *Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1251 (11th Cir. 2007). A court should grant judgment as a matter of law only "if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1246 (11th Cir. 2001); *see also Foster-Thompson, LLC v. Thompson*, 2007 WL 1725198, at *2 (M.D. Fla. June 14, 2007) ("Judgment as a matter of law is proper when the non-moving party presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of the cause of action.").

The Eleventh Circuit has also held that, pursuant to Rule 50, "where a portion of a verdict is for an identifiable amount that is not permitted by law, the court may simply modify the jury's verdict to that extent and enter judgment for the correct amount." *Johansen v. Combustion Engineering, Inc.,* 170 F.3d 1320, 1330 (11th Cir. 1999); *see also Myers v. Central Florida Investments, Inc.*, 592 F.3d 1201, 1217-18 (11th Cir. 2010); *Marlite, Inc. v. Eckenrod*, 2011 WL 39130 (S.D. Fla. Jan. 5, 2011). Furthermore, the Eleventh Circuit, in affirming a district court's grant of a Rule 50(b) motion to reduce the amount of damages awarded by a jury, stated while the "Seventh Amendment prohibits a re-examination of a jury's determination of the facts . . . if

7

legal error is detected, the federal courts have the obligation and the power to correct the error by vacating or reversing the jury's verdict." *Peer v. Lewis*, 2009 WL 323104, at *2 (11th Cir. Feb. 10, 2009) (quotations and citations omitted).

In his motion for final judgment as to indemnification and damages, Dr. Katzman renewed his motion for judgment as a matter of law on Comprehensive Care's mitigation defense and moved, pursuant to Rule 49(b) and 50(b), for the Court to modify the jury's verdict on damages and award Dr. Katzman damages consisting of compensation and benefits for the three year term of the Agreement. In its January 28, 2011 order, the Court granted Dr. Katzman's renewed motion for judgment as a matter of law on Comprehensive Care's mitigation defense, finding that Comprehensive Care did not offer sufficient evidence from which a reasonable jury could conclude that Dr. Katzman failed to mitigate his damages. (Doc. No. 338 at 19).

The only way the jury could have found that Dr. Katzman was entitled to less than three years compensation was if he failed to mitigate his damages. Therefore, because Comprehensive Care breached the Agreement when it terminated Dr. Katzman, and Dr. Katzman did not fail to mitigate his damages, there is no legally sufficient evidentiary basis for a reasonable jury to find that Dr. Katzman is owed an amount of damages other than the amount provided for in the Agreement. Thus, the jury's verdict of $0.00 is not permitted by Florida law and the Court properly modified Dr. Katzman's award of damages pursuant to Rule 50(b).[5]

---

[5] *See Juvenile Diabetes Research Foundation v. Rievman*, 370 So. 2d 33, 36 (Fla. 3d DCA 1979) ("[In] an action for breach of an employment contract (brought by an employee for alleged wrongful discharge prior to completion of the contract) the prima facie measure of damages is the contract price of salary or wages for the unexpired term of the contract together with any unpaid balance due under the contract for services rendered before wrongful discharge.").

**IV.     Conclusion**

Upon consideration of Comprehensive Care's motion for rehearing and/or reconsideration, the Court finds that it properly awarded Dr. Katzman $1,306,456.00 in damages pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. Accordingly, it is ORDERED AND ADJUDGED that Comprehensive Care's motion for rehearing and/or reconsideration is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of May, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record