UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

    Plaintiff,

v.                                          Case No.: 8:09-cv-01375-T-24 TBM

JERRY KATZMAN,

    Defendant.

_____/

JERRY KATZMAN, JARED KATZMAN,
LEE KATZMAN AND MICHELLE KATZMAN,

    Counter-Plaintiffs,

v.

COMPREHENSIVE CARE
CORPORATION,

    Counter-Defendant.

_____/

    This cause comes before the Court on two motions filed by Dr. Jerry Katzman: (1) Motion for Attorneys' Fees and Bill of Costs (Doc. No. 340) and (2) Motion for Prejudgment Interest (Doc. No. 343). Comprehensive Care Corporation has filed a response in opposition. (Doc. No. 377).

**I.    Background**

    On January 28, 2011, the Court entered an order granting, among other things, Dr. Katzman's motion for final judgment as to damages and indemnification. (Doc. No. 338). In

that order, the Court awarded Dr. Katzman $1,306,456.00 in damages for Comprehensive Care's breach of Dr. Katzman's Employment Agreement. Additionally, pursuant to Section 16 of the Employment Agreement, the Court awarded Dr. Katzman indemnification from Comprehensive Care for reasonable attorneys' fees and costs incurred in defending Comprehensive Care's claims and pursuing his breach of contract and indemnification counterclaims. However, the Court determined that Dr. Katzman was not entitled to attorneys' fees and costs associated with his motion for lack of subject matter jurisdiction and related jurisdictional discovery. Dr. Katzman files the instant motions for attorneys' fees and costs and prejudgment interest on his award of damages.

**II.     Attorneys' Fees**

Pursuant to the Court's January 28, 2011 order, Dr. Katzman is entitled to indemnification for reasonable attorneys' fees incurred in defending Comprehensive Care's claims and pursuing his breach of contract and indemnification counterclaims, with the exception of the fees and costs associated with the motion to dismiss for lack of jurisdiction. (Doc. No. 338). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). An applicant may meet this burden by setting forth direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.* at 1299. In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. *Id.* at 1303-04.

The starting point in determining reasonable attorneys' fees is the lodestar, which is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Norman*,

836 F.2d at 1299. A reasonable hourly rate is based upon "'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.3d at 1299). In calculating what hours were reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours, and also exclude the time spent litigating "discrete and unsuccessful claims." *Duckworth*, 97 F.3d at 1397.

In the instant motion for attorneys' fees, Dr. Katzman requests a total amount of $529,642.50 in fees from his representation by Damian & Valori, LLP, $307,533.80 in fees from his representation by Mintz Levin, P.C., and $3,078.00 in fees from his representation by Parkowski, Guerke, & Swayze, P.A. (Doc. No. 340). In its response in opposition, Comprehensive Care asks the Court to stay a determination of the amount of reasonable attorneys' fees until the Eleventh Circuit decides Comprehensive Care's appeal of the judgment. (Doc. No. 377). The Court finds no good cause to delay the resolution of this matter any longer.[1]

In the alternative, Comprehensive Care asks the Court to either order an evidentiary hearing on Dr. Katzman's claim for attorneys' fees or reduce Dr. Katzman's claim for attorneys' fees by fifty percent. The Eleventh Circuit has stated that the Court is not required to hold an evidentiary hearing for attorneys' fees. *See Thompson v. Pharmacy Corp. of America*, 334 F.3d 1242, 1245 (11th Cir. 2003). Rather, attorney fee awards are generally based on affidavits and billing records submitted to the courts. *See, e.g.*, *Dillard v. City of Greensboro*, 213 F.3d 1347, 1356 (11th Cir. 2000); *ACLU v. Barnes*, 168 F.3d 423, 426-27 (11th Cir. 1999). Here, the Court

---

[1] Comprehensive Care also asks the Court to stay the determination of the amount of costs and prejudgment interest to which Dr. Katzman is entitled. The Court finds no good cause to delay the resolution of those matters as well.

will make its determination regarding Dr. Katzman's requested attorneys' fees based on the affidavits and billing records submitted by Dr. Katzman. Further, the Court will not reduce the lodestar by fifty percent, but instead will evaluate the hourly rates and hours expended and adjust those figures as necessary.

### A.     Reasonable Hourly Rate

The fee applicant bears the burden of establishing appropriate hourly rates. *See Norman*, 836 F.2d at 1303. An applicant may meet this burden by setting forth direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.* at 1299. In addition, the Court may use its own expertise and judgment to make an appropriate assessment of the reasonable value of an attorney's services. *Id.* at 1303.

In Dr. Katzman's motion for attorneys' fees, he seeks fees for work done by attorneys, paralegals, and law clerks at Damian & Valori, LLP, Mintz Levin, P.C., and Parkowski, Guerke, & Swayze, P.A. In support of the motion, attorneys Melanie Damien of Damian & Valori, LLP, Bret Cohen of Mintz Levin, P.C., and Michael McDermott of Parkowski, Guerke & Swayze, P.A. have filed declarations. (Doc. 340-1, 3, 10). Dr. Katzman seeks the following hourly rates for those who worked on the case:

Damian & Valori, LLP:

| Employee | Hourly Billing Rate | Title/Experience |
|---|---|---|
| Melanie Damien | $550.00 | Attorney; 14 years |
| Peter Valori | $550.00 | Attorney; 15 years |
| Kenneth Murena | $550.00 | Attorney; 12 years |
| Cassandra Perez | $300.00 | Attorney; 8 years |
| John Quaranta | $300.00 | Attorney; 18 years |
| Andrew DeWeesee | $150.00 | Associate; 3 years |
| David M. Carnwright | $90.00 | Law Clerk |
| Paralegal | $75.00 | Paralegal |

4

Mintz Levin, P.C.:

| Employee | Hourly Billing Rate | Title/Experience |
|---|---|---|
| Bret Cohen | $550.00 | Attorney; 18 years |
| Michael Arnold | $535.00 | Attorney; 8 years |
| Wynter Lavier | $380.00 | Attorney; 4 years |
| Pamela Green | $575.00 | Attorney; 20 years |
| Adelita Press | $510.00 | Attorney; 21 years |
| Pat Sharkey | $685.00 | Attorney; 33 years |
| Sam Siegel | $185.00 | Paralegal |

Parkowski, Guerke & Swayze, P.A.:

| Employee | Hourly Billing Rate | Title/Experience |
|---|---|---|
| Michael McDermott | $285.00 | Attorney; None Provided |

In its response to Dr. Katzman's motion for attorneys' fees, Comprehensive Care suggests that the requested hourly rates of Dr. Katzman's attorneys do not reflect the prevailing market rates of the Middle District of Florida. The Court agrees.

In determining a reasonable hourly rate, the Court takes into account prevailing market rates in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Duckworth*, 97 F.3d at 1396. Based on careful consideration of the complexity of the case, the Court's own expertise and judgment, and the prevailing market rates in the Middle District of Florida, the Court finds that the following hourly rates are reasonable and appropriate. Attorneys working on this case with over ten years of experience should be awarded $300.00/hour in attorney fees. S*ee Franklin v. Hartford Life Ins. Co.*, No. 8:07-cv-1400-T-23MAP, 2010 WL 916682, at *2 (M.D. Fla. Mar. 10, 2010) (awarding $300.00/hour for an attorney with 40 years experience). Attorneys with four to nine years of experience should be awarded $200.00/hour. *See Michelle Mobilio v. Cablenet Servs. Unlimited, Inc.*, No. 2:10-cv-495-FTM-29DNF, 2011 WL 1323585, at *2 (M.D. Fla. March 21, 2011)

5

(awarding $200.00/hour to an associate with five years of experience). Attorneys with less than four years of experience should be awarded $150.00/hour. *See Nipper v. Lakeland Hotel Investors, Ltd.*, No. 8:10-cv-498-T-33EAJ, 2010 WL 4941718, at *6 (M.D. Fla. Nov. 30, 2010) (awarding $112.00/hour to an attorney with three years experience). Law clerks should be awarded the requested $90.00/hour. *See North Star Capital Acquisitions, LLC v. Krig*, No. 3:07-cv-264-J-32MCR, 2011 WL 65662, at *6, 8 (M.D. Fla. Jan. 10, 2011) (awarding $60.00 to $125 per hour for paralegals and law clerks). Paralegals should be awarded $75.00/hour. *See Branch Banking & Trust Co. v. Malabar Development, LLC*, No. 6:10-cv-1177-ORL-31KRS, 2011 WL 2532402, at *3 (M.D. Fla. June 7, 2011) (awarding $75.00 per hour to paralegals). Finally, attorney Michael McDermott, because his position and experience are unknown, will be awarded $200.00/hour. *See Glanzrock v. Patriot Roofing Industries, Inc.*, No. 8:07-cv-535-T-33MAP, 2009 WL 179634, at *3 (awarding $160.00/hour to an attorney in the absence of any evidence regarding experience or background). These rates translate to the employees who worked on the case as follows:

Damian & Valori, LLP:

| Employee | Hourly Billing Rate |
|---|---|
| Melanie Damien | $300.00 |
| Pater Valori | $300.00 |
| Kenneth Murena | $300.00 |
| Cassandra Perez | $200.00 |
| John Quaranta | $300.00 |
| Andrew DeWeesee | $150.00 |
| David M. Carnwright | $90.00 |
| Paralegal | $75.00 |

Mintz Levin, P.C.:

| Employee | Hourly Billing Rate |
|---|---|
| Bret Cohen | $300.00 |

6

| Michael Arnold | $200.00 |
| Wynter Lavier | $200.00 |
| Pamela Green | $300.00 |
| Adelita Press | $300.00 |
| Pat Sharkey | $300.00 |
| Sam Siegel | $75.00 |

Parkowski, Guerke & Swayze, P.A.:

| **Employee** | **Hourly Billing Rate** |
|---|---|
| Michael McDermott | $200.00 |

### B. Hours Reasonably Expended

The next step in the computation of the lodestar is the determination of the amount of reasonable hours expended. Dr. Katzman submits his attorneys' billing invoices in support of the amount of hours that his attorneys reasonably expended on this case. (Doc. No. 340-2, -4 to -6, -10). Dr. Katzman claims he is entitled to the following hours expended by his attorneys in this case.

Damian & Valori, LLP:

| **Employee** | **Hours Billed** |
|---|---|
| Melanie Damien | 391.6 |
| Pater Valori | 162.0 |
| Kenneth Murena | 25.3 |
| Cassandra Perez | 663.7 |
| John Quaranta | 7.8 |
| Andrew DeWeesee | 15.3 |
| David M. Carnwright | 66.5 |
| Paralegal | 30.9 |

Mintz Levin, P.C.:

| **Employee** | **Hours Billed** |
|---|---|
| Bret Cohen | 237.3 |
| Michael Arnold | 236.9 |
| Wynter Lavier | 120.2 |
| Pamela Green | 11.4 |

7

| Adelita Press | 9.0 |
|---|---|
| Pat Sharkey | 3.4 |
| Sam Siegel | 2.5 |

Parkowski, Guerke & Swayze, P.A.:

| Employee | Hours Billed |
|---|---|
| Michael McDermott | 10.8 |

Comprehensive Care does not directly challenge the number of hours billed by Dr. Katzman's attorneys, although it suggests that the lodestar requested by Dr. Katzman's attorneys is too high because billing entries are vague or block billed. (Doc. No. 377). Given that Comprehensive Care has not identified specific objectionable billing entries, this Court finds that Comprehensive Care has not shown that Dr. Katzman's hours expended are unreasonable. *See ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (stating that "objections and proof from fee opponents concerning hours that should be excluded must be specific and reasonably precise"); *Loos v. Club Paris, LLC*, 731 F. Supp. 2d 1324, 1330 (M.D. Fla. 2010) ("Generalized statements concerning reasonableness are of little value to the Court; instead proof of the hours dedicated to litigation and any corresponding objections must be made with sufficient specificity.").

C. **Calculation of the Lodestar**

The lodestar is calculated "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum*, 465 U.S. at 888. Accordingly, Dr, Katzman's attorneys' fees are calculated as follows:

Damian & Valori, LLP:

| Employee | Fees Awarded (Rate/Hour x Hours Billed) |
|---|---|
| Melanie Damien | $300.00/hour x 391.6 hours = $117,480.00 |
| Pater Valori | $300.00/hour x 162.0 hours = $48,600.00 |
| Kenneth Murena | $300.00/hour x 25.3 hours = $7,590.00 |

8

| Cassandra Perez | $200.00/hour x 663.7 hours = $132,740.00 |
| --- | --- |
| John Quaranta | $300.00/hour x 7.8 hours = $2,340.00 |
| Andrew DeWeesee | $150.00/hour x 15.3 hours = $2,295.00 |
| David M. Carnwright | $90.00/hour x 66.5 hours = $5,985.00 |
| Paralegal | $75.00/hour x 30.9 hours = $2,317.50 |
| **TOTAL:** | $117,480.00 + $48,600.00 + $7,590.00 + $132,740.00 + $2,340.00 + $2,295.00 + $5,985.00 + $2,317.50 = **$319,347.50** |

Mintz Levin, P.C.:

| **Employee** | **Fees Awarded (Rate/Hour x Hours Billed)** |
| --- | --- |
| Bret Cohen | $300.00/hour x 237.3 hours = $71,190.00 |
| Michael Arnold | $200.00/hour x 236.9 hours = $47,380.00 |
| Wynter Lavier | $200.00/hour x 120.2 hours = $24,040.00 |
| Pamela Green | $300.00/hour x 11.4 hours = $3,420.00 |
| Adelita Press | $300.00/hour x 9.0 hours = $2,700.00 |
| Pat Sharkey | $300.00/hour x 3.4 hours = $1,020.00 |
| Sam Siegel | $75.00/hour x 2.5 hours = $187.50 |
| **TOTAL:** | $71,190.00 + $47,380.00 + $24,040.00 + $3,420.00 + $2,700.00 + $1,020.00 + $187.50 = **$149,937.50** |

Parkowski, Guerke & Swayze, P.A.:

| **Employee** | **Fees Awarded (Rate/Hour x Hours Billed)** |
| --- | --- |
| Michael McDermott | $200.00/hour x 10.8 hours = $2,160.00 |
| **TOTAL:** | **$2,160.00** |

Accordingly, Dr. Katzman is entitled to attorney fees in the amount of $319,347.50 + $149,937.50 + $2,160.00, totaling **$471,445.00**.

**III.   Costs**

Dr. Katzman seeks to recover from Comprehensive Care the costs incurred in this action. Federal Rule of Civil Procedure 54(d) provides that, unless otherwise prohibited, "costs . . . should be allowed to the prevailing party." Section 1920 of Title 28 of the United States Code "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). "A court cannot award costs other than those specifically authorized in § 1920, unless authorized

9

by another applicable statute." *Young v. Eslinger*, No. 6:04-cv-1830-ORL-31 KRS, 2008 WL 824219, at *1 (M.D. Fla. Mar. 25, 2008) (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2001)). Section 1920 allows the following as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Dr. Katzman requests the Court award $18,871.79 in costs incurred by Damien & Valori, LLP and $36,123.82[2] in costs incurred by Mintz Levin, P.C.

### A. Photocopies and Printing

Dr. Katzman requests $7,021.75 for Mintz Levin, P.C. and $5,648.21 for Damian & Valori, LLP for photocopies and printing. Under § 1920, "[a] prevailing party may recover photocopy costs for copies that the 'party could have reasonably believed' were necessary to the litigation." *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000)

---

[2] In the motion for attorneys' fees and costs, Dr. Katzman requests $36,123.82 in costs incurred by Mintz Levin, P.C.; however, the invoices submitted by Mintz Levin, P.C. show $46,694.27 in costs incurred. Because Dr. Katzman has not identified the specific costs he seeks, the Court will address all the costs contained in Mintz Levin, P.C.'s invoices. (Doc. No. 340-4 to-6)

(citing *W & O*, 213 F.3d at 622). However, in order to recover for photocopy and printing expenses, the moving party must show that the copies at issue were reasonably intended for use in the case. *Id.* Simply making a blanket claim that such documents were necessary is insufficient for recovery. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340-41 (M.D. Fla. 2002).

The vast majority of the costs requested for photocopying and printing as "photocopies," "printing," or "PACER printing" have no accompanying information. (Doc. No. 340-4 to -6, 340-9). The two exceptions are the costs incurred by Damien & Valori for "printing charge for Trial Boards" for $615.25 and "Printing charge for Foam Boards for trial" for $76.51. (Doc. No. 340-9). Because the descriptions of these two costs show that the documents were reasonably intended for use at the trial in this case, Dr. Katzman is entitled to recover $615.25 plus $76.51, for a total of $691.76 in costs for photocopying and printing. *See Arcadian Fertilizer,* 249 F.3d at 1297-98 (holding that costs for oversize documents and color photographs are recoverable under § 1920(4)). Otherwise, the costs for printing and photocopying are denied.

### B.     Miscellaneous Expenses

Dr. Katzman requests $31,618.43 for Mintz Levin, P.C. and $2,752.42 for Damian & Valori, LLP for miscellaneous costs including mediation expenses, phone service, courier/postage, express mail service, Lexis-Nexis and Westlaw research, air fare, ground transportation, lodging, meals, faxing, binding, and overtime secretarial services. Such expenses are not included under § 1920. *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x. 837, 846 (11th Cir. 2008). Costs including postage, legal research, office supplies, and phone service as well as costs incurred during trial such as meals, hotel, and travel are not taxable under § 1920. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 6:05-CV-269-ORL-28 JGG, 2007

11

Case 8:09-cv-01375-SCB-TBM Document 381 Filed 07/21/11 Page 12 of 15 PageID 12178

WL 842771, at *7, 10 (M.D. Fla. Mar. 20, 2007). Additionally, under § 1920, costs for mediation, couriers, express mail, faxing, and secretarial services are not compensable. *Scelta*, 203 F. Supp. 2d at 1339. Accordingly, Dr. Katzman's request for miscellaneous costs is denied.

### C. Service of Summons and Subpoenas

Dr. Katzman requests costs for fees related to the service of summons and subpoenas on five people, totaling $1,428.59, but he does not provide any supporting documentation to show the manner in which process was served. (Doc. No. 340-8 to -9). Reasonable fees for summons and subpoenas that do not exceed the statutory limits set forth in 28 U.S.C. § 1921 are taxable pursuant to § 1920(1). *George*, 114 F. Supp. 2d at 1299. The benchmark for those costs is the rate charged by the U.S. Marshal's Service, which charges $55.00/hour for each item served, plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Because Dr. Katzman does not provide any explanation for the costs related to the service of summons and subpoenas, this Court awards one hour per served person at a rate of $55.00 per service for a total of $275.00.

### D. Transcripts and Depositions

Dr. Katzman submits costs for depositions and transcripts totaling $8,054.09 for Mintz Levin, P.C. and $8,942.57 for Damian & Valori, LLP. (Doc. No. 340-4 to -6, 340-9). The Eleventh Circuit has held that, under § 1920(2), the prevailing party may recover fees for depositions and transcripts that were necessarily obtained for use in their case. *W & O*, 213 F.3d at 620-21. Allowable costs include deposition transcript costs and attendance fees of the court reporter. *Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc.*, No. 06-61231-CIV, 2010 WL 680948, at *14 (S.D. Fla. Feb. 24, 2010). In challenging whether costs are properly taxable, the burden is on the losing party unless the information regarding the proposed cost is within the exclusive

12

knowledge of the prevailing party. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). Comprehensive Care has not shown that Dr. Katzman is not entitled to costs for depositions and transcripts. Accordingly, costs are awarded to Dr. Katzman for depositions and transcripts in the amount of $16,996.66.

**IV.     Prejudgment Interest**

In a diversity case, federal courts follow state law governing the award of prejudgment interest. *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) (citing *Royster Co. v. Union Carbide Corp.,* 737 F.2d 941, 948 (11th Cir.1984)). Florida has adopted the position that prejudgment interest is merely another element of pecuniary damages that serves to make the party whole. *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 214-15 (Fla. 1985). "[W]hen a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Id.* at 215. Thus, Dr. Katzman is entitled to prejudgment interest.

The computation of prejudgment interest is "a mathematical computation" and "a purely ministerial duty," so no finding of fact is needed, and no discretion is permitted. *SEB*, 476 F.3d at 1320 (*citing Argonaut*, 474 So. 2d at 215). Under Florida law, the date of loss, for purposes of a prejudgment interest award in a contract case, is the date on which payment was due. *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.,* 62 F. Supp. 2d 1316, 1329 (M.D. Fla. 1999). Dr. Katzman's Employment Agreement provided for no fixed dates on which Dr. Katzman's salary was due but instead stated that "compensation may . . . be accrued, in whole or in part, until such time as the Company receives financing and/or generates sufficient revenues with which to pay the Company's executives their stated compensation." (Doc. 135-1). When the date a payment is due is unclear, the Court should calculate interest from the date Plaintiff

13

makes a demand for the payment. *See Berloni S.p.A. v. Della Casa, LLC*, 972 So. 2d 1007, 1012 (Fla. 4th DCA 2008) (awarding prejudgment interest from the date of the filing of the complaint because date of loss could not be determined). Here, Dr. Katzman first demanded his salary in his initial Answer to Complaint and Counterclaims, filed on December 11, 2009. (Doc. No. 83).

Under Florida law, prejudgment interest accrues until a final, amended judgment is entered. *SEB*, 476 F.3d at 1320. A final judgment was entered on February 1, 2011. (Doc. No. 339). Thus, Dr. Katzman is entitled to the prejudgment interest that accrued from December 11, 2009, until February 1, 2011.

As to the rate at which prejudgment interest is calculated, "just as the loss theory forecloses discretion in the award of prejudgment interest, there is no discretion in the rate of that interest." *Argonaut,* 474 So. 2d at 215. Under Florida law, where there is no contract rate establishing the appropriate interest rate, the interest rate is set annually by Florida's Chief Financial Officer. *See* Fla. Stat. §§ 687.01 and 55.03. For 2009, the Chief Financial Officer set the interest rate at 8% per annum, or .0002192 daily; for 2010, the interest rate is 6% per annum, or .0001644 daily; for 2011, the interest rate is 6% per annum, or .0001644 daily. *See* Florida Department of Financial Services, *Statutory Interest Rates Pursuant to Section 55.03, Florida Statutes*, http://www.myfloridacfo.com/aadir/interest.htm.

Dr. Katzman is entitled to prejudgment interest on his judgment of $1,306,456.00 accruing from December 11, 2009 to February 1, 2011 at the rates set by the Chief Financial Officer of Florida as calculated:

| Year | Dates | Number of Days | Interest Rate (Daily) | Prejudgment Interest Due |
|---|---|---|---|---|
| **2009** | Dec. 11 – Dec. 31 | 20 | .0002192 | 20 x .0002192 x $1,306,456.00 = $5,727.50 |
| **2010** | Jan. 1 – Dec. 31 | 365 | .0001644 | 365 x .0001644 x $1,306,456.00 = $78,395.20 |

14

| | | | | |
|---|---|---|---|---|
| **2011** | Jan. 1 – Feb. 1 | 32 | .0001644 | 32 x .0001644 x $1,306,456.00 = $6,873.00 |
| | | | **Total**: $5,727.50 + $78,395.20 + $6,873.00 = | **$90,995.70** |

**V.   Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

1. Dr. Katzman's Motion for Attorneys' Fees (Doc. No. 340) is GRANTED to the extent that Dr. Katzman is entitled to **$471,445.00** in attorneys' fees.[3]

2. Dr. Katzman's Motion for Bill of Costs (Doc. No. 340) is GRANTED to the extent that the Court awards costs in the amount of **$17,963.42**.

3. Dr. Katzman's Motion for Award of Prejudgment Interest (Doc. No. 343) is GRANTED to the extent that Dr. Katzman is entitled to **$90,995.70** in prejudgment interest accrued for the period December 11, 2009 through February 1, 2011.

DONE AND ORDERED at Tampa, Florida, this 21st day of July, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[3] Dr. Katzman asks the Court to retain jurisdiction to award fees and costs incurred in the future in connection with this action and/or the instant motion for attorneys' fees and costs. However, based on the submitted attorney billing records, Dr. Katzman has already requested attorneys' fees incurred in connection with the instant motion for attorneys' fees. (Doc. No. 340-2 to -6). Accordingly, the Court does not retain jurisdiction to award fees and costs incurred in the future in connection with this case.