UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

    Plaintiff,

v.                                                              Case No. 8:09-cv-1375-T-24 TBM

JERRY KATZMAN,

    Defendant.
_____/

JERRY KATZMAN, JARED KATZMAN,
LEE KATZMAN, and MICHELLE KATZMAN,

    Counter-Plaintiffs,

v.

COMPREHENSIVE CARE
CORPORATION,

    Counter-Defendant.
_____/

**ORDER**

This cause comes before the Court on a motion for injunctive relief and further relief filed by Counter-Plaintiff Dr. Jerry Katzman. (Doc. No. 364). Counter-Defendant Comprehensive Care Corporation has filed a response in opposition to this motion. (Doc. No. 366).

**I.    Dr. Katzman's Motion**

On January 28, 2011, the Court entered an order granting, among other things, Michelle, Jared, and Lee Katzman's (the "Katzman children") motion for final judgment as to

reinstatement of their stock warrants from Comprehensive Care. (Doc. No. 338). In that order, the Court directed Comprehensive Care to reinstate the stock warrants to the Katzman children for the original term of issuance. *Id*. at 21. Comprehensive Care reinstated the stock warrants to the Katzman children, and they assigned their reinstated stock warrants to Dr. Katzman on March 4, 2011. (Doc. No. 364 at 2; Doc. No. 366 at 3). On that same date, Dr. Katzman submitted a Warrant Exercise Form to Comprehensive Care, requesting to exercise the stock warrants transferred to him by the Katzman children. (Doc. No. 364, Exh. B).

Comprehensive Care, however, did not issue the requested shares to Dr. Katzman because Comprehensive Care determined that Dr. Katzman's Warrant Exercise Form was not completed properly. (Doc. No. 364, Exh. C). On March 15, 2011, Comprehensive Care's attorney, Hala Sandridge, sent the following email to Dr. Katzman's attorney, Peter Valori, explaining why the Warrant Exercise Form was not completed properly and how Dr. Katzman could properly resubmit the exercise request:

> You have requested information concerning the warrants Dr. Katzman attempted to exercise. Please comply with the following directions:
>
> First, the attempted transfer of the Warrant to Dr. Katzman from Jared Katzman was not accompanied by evidence that the New York securities transfer tax was paid in connection therewith as required by the terms of the Warrant. By copy of this email to Robert Landis, I ask that he return the original warrant to you so that it can be resubmitted with evidence of payment of the New York securities transfer tax. In addition, if Dr. Katzman still desires to exercise this Warrant, an exercise form will need to be submitted once a proper transfer of the Warrant has been made pursuant to the terms thereof.
>
> Second, with respect to the Warrants transferred to Dr. Katzman by Lee Katzman and Michelle Katzman, the submitted exercise form seeks the wrong class of shares and in an incorrect amount.

2

> Please resubmit the exercise form with respect to these Warrants seeking the issuance of shares of Series D Preferred Stock upon exercise in the correct amount.
>
> Once the actions described above are taken, we will once again evaluate Dr. Katzman's request to exercise the Warrants.
>
> Attached is a new exercise form for your convenience.

(Doc. No. 364, Exh. K).

Dr. Katzman did not follow Ms. Sandridge's directions and resubmit the Warrant Exercise Form. Rather, on March 17, 2011, Dr. Katzman filed the instant motion for injunctive relief and damages pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2202. (Doc. No. 364).[1] Dr. Katzman asks the Court to enter an order requiring Comprehensive Care to process Dr. Katzman's March 4, 2011 Warrant Exercise Form and issue Dr. Katzman the appropriate shares. Dr. Katzman further requests that the Court award him damages for Comprehensive Care's failure to process the March 4, 2011 Warrant Exercise Form.

Section 2202 provides, "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. The purpose of the Declaratory Judgment Act's provision authorizing motions for further relief is to allow a district court to retain jurisdiction in order to grant the relief necessary to effectuate its prior judgment. *See Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988). Dr. Katzman contends that an injunction that orders Comprehensive Care to issue the

---

[1] Dr. Katzman also requests attorneys' fees pursuant to Paragraph 9 of each stock warrant. (Doc. No. 364 at 16).

requested shares is necessary to effectuate the Court's January 28, 2011 order directing Comprehensive Care to reinstate the stock warrants. The Court disagrees.

Based on the evidence submitted with Dr. Katzman's motion, the Court does not find the relief Dr. Katzman seeks to be necessary or proper to effectuate its order and judgment. The Court's January 28, 2011 order provided, in relevant part, that "Comprehensive Care is ORDERED to reinstate the stock warrants for their original term of issuance, effective from the date the Clerk enters final judgment."[2] (Doc. No. 338 at 21). Comprehensive Care did reinstate the stock warrants to the Katzman children. Thus, Comprehensive Care has complied with the Court's order and judgment to reinstate the stock warrants.

The Court notes that if Comprehensive Care had failed to honor the stock warrants without reason, then Comprehensive Care would be disregarding the Court's order to reinstate the stock warrants. However, that is not the case. Comprehensive Care did not made a blanket refusal to honor the stock warrants. Rather, Comprehensive Care explained why it did not issue the shares to Dr. Katzman on March 4, 2011 and explained to Dr. Katzman the steps necessary to properly exercise the stock warrants. In sum, based on the facts before the Court, it is not necessary or proper to issue an injunction, damages, or attorneys' fees in favor of Dr. Katzman in order to effectuate the Court's January 28, 2011 order and judgment reinstating the stock warrants to the Katzman children.

---

[2]The Clerk entered final judgment on February 1, 2011. (Doc. No. 339).

## II. Comprehensive Care's Request for Attorneys' Fees

In its response in opposition to the instant motion, Comprehensive Care requests an award of attorneys' fees, pursuant to Section 57.105(7) of the Florida Statutes, for its attorneys' work in responding to the instant motion. Section 57.105(7), provides:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

Comprehensive Care argues that it is entitled to attorneys' fees based on paragraph 9 of each stock warrant and the reciprocal attorneys' fees statute of § 57.105(7).[3] The Court disagrees. In determining whether a party is entitled to attorneys' fees pursuant to § 57.105(7), Florida courts have held "for purposes of attorney's fees, the prevailing party is the party that prevailed on the significant issues in litigation." *Kelsey v. Metro Construction*, 31 So. 2d 252, 254 (Fla. 3d DCA 2010) (citing *Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807 (Fla. 1992)). Although Comprehensive Care has defeated Dr. Katzman's instant motion for injunction and further relief, this motion is not a significant issue in the overall litigation. Therefore, the Court will not award attorneys' fees to Comprehensive Care.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Dr. Katzman's motion for injunctive relief, damages, and attorneys' fees (Doc. No. 364) is DENIED. Additionally,

---

[3] Paragraph 9 of each stock warrant states, in part, "[t]he Issuer agrees to pay all costs and expenses of enforcement of this Warrant, including, without limitation, reasonable attorneys' fees and expenses." (Doc. No. 364, Exh. A).

Comprehensive Care's request for attorneys' fees for its response to the instant motion is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of October, 2011.

SUSAN C. BUCKLEW
United States District Judge