UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

       Plaintiff,

v.                                                         Case No. 8:09-cv-1375-T-24 TBM

JERRY KATZMAN,

       Defendant.
_____/

JERRY KATZMAN, JARED KATZMAN,
LEE KATZMAN, and MICHELLE KATZMAN,

       Counter-Plaintiffs,

v.

COMPREHENSIVE CARE
CORPORATION,

       Counter-Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant/Counter-Plaintiff Dr. Jerry Katzman's Motion for Reconsideration, or Alternatively, for Clarification (Doc. No. 401). Dr. Katzman moves the Court to reconsider, or to clarify, its October 26, 2011 order (Doc. No. 400), in which the Court denied Dr. Katzman's motion for injunctive relief, damages, and attorney's fees (Doc. No. 364). Plaintiff/Counter-Defendant Comprehensive Care Corporation filed a response in opposition. (Doc. No. 403).

**I.      Background**

On January 28, 2011, the Court entered an order granting, among other things, Michelle, Jared, and Lee Katzman's ("Katzman children") motion for final judgment as to reinstatement of their stock warrants from Comprehensive Care (Doc. No. 338). In that order, the Court directed Comprehensive Care to reinstate the stock warrants to the Katzman children for the original term of issuance. (Doc. No. 338 at 21.) Comprehensive Care reinstated the stock warrants to the Katzman children, and they assigned their reinstated stock warrants to Dr. Katzman on March 4, 2011. (Doc. No. 364 at 2; Doc. No. 366 at 3.) That same day, Dr. Katzman submitted a Warrant Exercise Form to Comprehensive Care, requesting to exercise the stock warrants the Katzman children transferred to him. (Doc. No. 364, Ex. B.)

Comprehensive Care did not issue the requested shares to Dr. Katzman because it determined that Dr. Katzman's Warrant Exercise Form was not completed properly. Rather than follow Comprehensive Care's directions for resubmitting the Warrant Exercise Form, Dr. Katzman filed a motion for injunctive relief and damages pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2202. (Doc. No. 364.) In his motion, Dr. Katzman asked the Court to enter an order (1) requiring Comprehensive Care to process his March 4, 2011 Warrant Exercise Form and to issue Dr. Katzman the appropriate shares; and (2) awarding him damages for Comprehensive Care's failure to process his March 4, 2011 Warrant Exercise Form.

In an order entered on October 26, 2011, the Court found that Comprehensive Care complied with the Court's January 28, 2011 order and judgment by reinstating the stock warrants to the Katzman children. Concluding that the relief Dr. Katzman sought was not necessary or proper to effectuate the Court's order and judgment, the Court denied his motion for injunctive

relief. (Doc. No. 400 at 4.) Dr. Katzman now seeks reconsideration or clarification of that order.

## II.   Standard of Review

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *See id.* (citations omitted).

## III.   Discussion

Dr. Katzman moves the Court for reconsideration of the Court's October 26, 2011 order, arguing that (1) new evidence showing that Comprehensive Care has been provided with a corrected exercise form and payment of New York transfer tax justifies reconsideration; and (2) manifest injustice would occur if, with the foregoing documentation in hand, Comprehensive Care were permitted to continue to deny him of his stock. Alternatively, Dr. Katzman asks the Court to clarify whether it is taking jurisdiction over his dispute with Comprehensive Care concerning the issuance of the stock in question.

Comprehensive Care responds that the Court correctly denied Dr. Katzman's motion for injunctive relief and that the issues Dr. Katzman has raised arise from a new dispute between the parties; therefore, the Court does not have jurisdiction to entertain the new dispute without the filing of a new lawsuit.

By reinstating the stock warrants to the Katzman children, Comprehensive Care complied with the explicit directive of the Court's January 28, 2011 order and judgment. In both his

motion for injunctive relief and in the instant motion, Dr. Katzman alleges a dispute with Comprehensive Care that did not arise until after the Court's January 28, 2011 order and judgment had already been satisfied. Accordingly, injunctive relief was neither necessary nor proper to effectuate the Court's order and judgment. Furthermore, the Court will not assume jurisdiction over Dr. Katzman's new alleged injuries because they are beyond the scope of the present lawsuit.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Dr. Katzman's Motion for Reconsideration, or Alternatively, for Clarification (Doc. No. 401) is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of January, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record