UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

    Plaintiff,

v.                                       Case No.  8:09-cv-1375-T-24 TBM

JERRY KATZMAN,

    Defendant.
_____/

JERRY KATZMAN, JARED
KATZMAN, LEE KATZMAN, and
MICHELLE KATZMAN,

    Counter-Plaintiffs,

v.

COMPREHENSIVE CARE
CORPORATION,

    Counter-Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff/Counter-Defendant Comprehensive Care Corporation's ("CCC") Motion to Stay Proceedings. (Doc. No. 433). Defendants/Counter-Plaintiffs Jared Katzman, Lee Katzman, Michelle Katzman, and Jerry Katzman ("Katzmans") oppose the motion. (Doc. No. 439). As explained below, the motion is granted.

On February 14, 2013, the Eleventh Circuit issued its decision in the appeal of this case and reversed and remanded the judgment for money damages, as well as the judgment for fees and costs, and ordered a new trial on liability and damages. (Doc. No. 407). Additionally, the Eleventh Circuit taxed costs against "appellees." (Doc. No. 412, Ex. A). Thereafter, the

Eleventh Circuit issued its mandate to this Court. (Doc. No. 408).

On April 2, 2013, CCC filed its proposed bill costs and a motion to tax costs in the amount of $165,107.95. (Doc. No. 412, 413). The Katzmans opposed the majority of the costs contained therein. (Doc. No. 417). The Court granted the motion to the extent that CCC sought $76,554.14 in appellate costs. (Doc. No. 423).

Thereafter, CCC filed the instant motion, in which it argues that the Court should stay these proceedings on remand until the Katzmans pay the appellate costs that have been awarded. The Katzmans respond that they should not have to pay the appellate costs in order for this litigation to proceed, arguing that they are being bullied and that they do not have the funds to pay the costs that have been awarded. In support of this contention, Dr. Jerry Katzman, an ophthalmologist, submits a declaration, in which he states that since his employment with CCC was terminated, he has been unable to obtain steady employment and cannot pay the costs taxed against him. (Doc. No. 439-1).

"[A] court may enter an order staying further proceedings until costs taxed in an earlier proceeding have been paid." Sanderson v. Ford Motor Co., 90 F.R.D. 375, 376 (N.D. Ala. 1981)(citations omitted); Falcon v. General Telephone Co. Southwest, 611 F. Supp. 707, 724 (N.D. Tx. 1985)(citations omitted). Dr. Katzman's argument that he is unable to pay the cost award is not persuasive, given that it is supported only by a short, self-serving declaration of his inability to pay. Certainly, proceeding with this litigation will be costly (as it has been ongoing for more than four years), and if the Katzmans are truly unable to pay the appellate costs awarded to CCC, then it is unclear how they would be able to pay their own costs for this continued litigation. As such, this Court concludes that it shall exercise its discretion and stay this case pending the payment of appellate costs by the Katzmans.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) CCC's Motion to Stay Proceedings (Doc. No. 433) is **GRANTED**.

(2) This case is **STAYED** pending the payment of appellate costs by the Katzmans, and the Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

(3) Upon payment of the appellate costs, the parties shall inform the Court in writing so that it can return this case to active status.

(4) The Court **TERMINATES** the currently pending motion to substitute parties (Doc. No. 426) and motion for summary judgment (Doc. No. 431). Once this case is returned to active status, the parties may re-file these motions.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of August, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record