UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

    Plaintiff,

v.                                                             Case No. 8:09-cv-1375-T-24 TBM

JERRY KATZMAN,

    Defendant.
_____/

JERRY KATZMAN, JARED
KATZMAN, LEE KATZMAN, and
MICHELLE KATZMAN,

    Counter-Plaintiffs,

v.

COMPREHENSIVE CARE
CORPORATION,

    Counter-Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant/Counter-Plaintiff Jerry Katzman's ("Katzman") Motion for Rehearing and/or Reconsideration. (Doc. No. 444). Plaintiff/Counter-Defendant Comprehensive Care Corporation ("CCC") opposes the motion. (Doc. No. 445). As explained below, Katzman's motion is denied.

**I. Background**

This is an employment dispute case that went to trial, the jury awarded Katzman zero damages, and this Court entered judgment as a matter of law for $1,306,456 in favor of Katzman. (Doc. No. 407). CCC appealed, and on February 14, 2013, the Eleventh Circuit reversed and

remanded the judgment for money damages, as well as the judgment for fees and costs, and ordered a new trial on liability and damages. (Doc. No. 407). Additionally, the Eleventh Circuit taxed costs against appellees (which included Katzman's children: Jared Katzman, Lee Katzman, Michelle Katzman). (Doc. No. 412, Ex. A). Thereafter, the Eleventh Circuit issued its mandate to this Court. (Doc. No. 408).

On April 2, 2013, CCC filed its proposed bill costs and a motion to tax costs in the amount of $165,107.95. (Doc. No. 412, 413). The Katzmans opposed the majority of the costs contained therein. (Doc. No. 417). The Court granted the motion to the extent that CCC sought $76,554.14 in appellate costs. (Doc. No. 423).

Thereafter, CCC filed a motion to stay these proceedings on remand until the Katzmans paid the appellate costs that had been awarded. (Doc. No. 433). The Katzmans responded that they should not have to pay the appellate costs in order for this litigation to proceed, arguing that they are being bullied and that they do not have the funds to pay the costs that have been awarded. (Doc. No. 439). The Court granted CCC's motion and stayed this case pending the payment of appellate costs by the Katzmans. (Doc. No. 441). Thereafter, the Katzman children voluntarily dismissed their claims with prejudice. (Doc. No. 446, 447).

**II. Motion for Reconsideration and/or Rehearing**

In the instant motion, Katzman moves for reconsideration and/or rehearing of the Court's order staying this case pending the payment of appellate costs. In support of his motion, Katzman argues: (1) he is paying his counsel on a contingency fee basis; (2) his medical license was revoked in New York and suspended in Florida; (3) he is indigent; and (4) the Court's order staying this case is interfering with his fundamental right of access to the courts.

2

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). It appears that Katzman's motion is based on the need to correct clear error or to prevent manifest injustice.

Upon review of Katzman's motion, the Court finds that it should be denied, as he has not shown that there is a need to correct clear error or to prevent manifest injustice. Instead, Katzman is merely attempting to refute the basis for the Court's earlier decision. See Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 490 (M.D. Fla. 1999); see also Johnson v. U.S., 1999 WL 691871, at *1 (N.D. Ga. July 14, 1999)(stating that "it is not appropriate to raise new arguments in a motion for reconsideration that could have been raised when the matter was initially before the court").

The Court exercised its discretion to stay this case until the appellate costs had been paid. See Sanderson v. Ford Motor Co., 90 F.R.D. 375, 376 (N.D. Ala. 1981)(citations omitted); Falcon v. General Telephone Co. Southwest, 611 F. Supp. 707, 724 (N.D. Tx. 1985)(citations omitted). The Court found Katzman's argument that he is unable to pay the cost award unpersuasive, as it was supported only by a short, self-serving declaration of his inability to pay. In an attempt to remedy this deficiency, Katzman now submits an Affidavit of Indigency. (Doc. No. 444-1). However, the Affidavit of Indigency reflects that Katzman received approximately $53,000 in gifts and inheritances within the prior twelve months. Thus, Katzman can hardly be characterized as indigent.

Next, Katzman argues that the Court noted that he is an ophthalmologist, which implies that he is able to earn a substantial income as a doctor. However, Katzman points out that his license has been revoked in New York and suspended indefinitely in Florida (although the Court notes that he lives in New Jersey). The Court rejects Katzman's argument, as the fact that Katzman is an ophthalmologist reveals that he is an educated man and likely qualifies for employment outside of his chosen profession. Furthermore, his Affidavit of Indigency reflects that he is able to earn income, as he earned employment income of "less than $5500" in the prior twelve months.

Next, the Court rejects Katzman's argument that this Court's order staying this case is interfering with his fundamental right of access to the courts. The Court has not dismissed his case; the Court has merely delayed this case pending his payment of the costs taxed against him.

Finally, the Court considers notions of fairness. The jury in this case had awarded Katzman zero damages, and this Court entered a judgment as a matter of law for $1,306,456 in favor of Katzman. CCC incurred $165,107.95 in appellate costs and convinced the Eleventh Circuit to reverse and remand this case for a new trial; yet CCC was only awarded $76,554.14 of its appellate costs. If this case proceeds to trial without the prepayment of CCC's taxable appellate costs, CCC faces the prospect of proving zero liability and/or zero damages, incurring significant costs on retrial, and not being paid for the appellate costs that have already been taxed. Thus, requiring Katzman to pay CCC the $76,554.14 in appellate costs taxed against him before allowing him to proceed to trial is equally as fair as requiring CCC to pay over $127,000 in premiums and letters of credit for an appeal bond in order to pursue a meritorious appeal.

4

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Katzman's Motion for Rehearing and/or Reconsideration (Doc. No. 444) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of October, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record