UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPREHENSIVE CARE
CORPORATION,

      Plaintiff,

v.                                             Case No. 8:09-cv-1375-T-24 TBM

JERRY KATZMAN,

      Defendant.
_____/

JERRY KATZMAN, JARED
KATZMAN, LEE KATZMAN, and
MICHELLE KATZMAN,

      Counter-Plaintiffs,

v.

COMPREHENSIVE CARE
CORPORATION,

      Counter-Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Lift Stay and Require Response to Motion for Summary Judgment. (Doc. No. 450). Plaintiff opposes the motion. (Doc. No. 451). As explained below, the Court lifts the stay in this case, but it denies Defendant's motion to require Plaintiff to respond to Defendant's terminated second motion for summary judgment.

This case was returned to this Court from the Eleventh Circuit. The appellate court stated, in pertinent part:

> This case involves an employment dispute that went to verdict. . . . [A]n inadequate verdict form, sparse jury instructions, and perplexing post-trial procedures have led this simple dispute into disarray. . . . Comprehensive Care ("CompCare") appeals the district court's order granting . . . Dr. Jerry Katzman's ("Katzman") renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) and increasing the jury's damages verdict from zero to $1,306,456.00. . . . [W]e conclude a new trial for liability and damages is necessary given the circumstances of this case. Therefore, we reverse the Rule 50(b) judgment and order awarding attorneys' fees and remand this case for a new trial on liability and damages.

(Doc. No. 407). It is unclear, however, if the Eleventh Circuit intended that this Court hold a new trial on all of the claims in this case, or if it intended that this Court only hold a new trial on Katzman's claims.

This lawsuit was initiated by CompCare filing suit against Katzman. In its first amended complaint, CompCare asserted two claims: (1) fraud in the inducement regarding Katzman's promise to work full time and use his best efforts; and (2) breach of the employment contract, in which CompCare sought the remedy of rescission. (Doc. No. 278). In response, Katzman asserted five counterclaims against CompCare: (1) breach of the employment contract by terminating him without cause; (2) breach of the stock warrants due to CompCare unilaterally cancelling them; (3) declaratory judgment that CompCare could not cancel the stock warrants and that the stock warrants should be reinstated; (4) unjust enrichment for failing to pay Katzman for work that he performed prior to entering into the employment contract[1] and for employment expenses that he incurred after entering into the employment contract; and (5)

---

[1] During the trial, Katzman withdrew his unjust enrichment claim to the extent it was based on work that he performed prior to entering into the employment contract. (Doc. No. 391, p. 116; Doc. No. 393, p. 116-17; Doc. No. 394, p. 145).

indemnification for his attorneys' fees pursuant to the employment contract.[2]  (Doc. No. 135).

Prior to trial, Katzman filed a motion for summary judgment, in which the Court made the following rulings: (1) CompCare could only obtain rescission on its breach of contract claim if it proved that Katzman's alleged breach amounted to fraud; (2) CompCare could not argue at trial that it was permitted to terminate Katzman pursuant to paragraph 4(c) of the employment contract, which permitted terminating Katzman if he committed "misconduct in office;" (3) CompCare could argue at trial that it was permitted to terminate Katzman pursuant to paragraph 4(d) of the employment contract, which permitted terminating Katzman if he made a material misrepresentation in the employment contract; (4) if CompCare was unable to show that it was entitled to rescind the employment contract, then the Katzmans were entitled to judgment on the stock warrants and declaratory judgment claims, but a jury question would remain as to the amount of damages;[3] and (5) if CompCare was unable to show that it was entitled to rescind the employment contract, then Katzman was entitled to indemnification.  (Doc. No. 215, 223).

The parties' claims proceeded to a jury trial.  During the trial, the parties asserted various motions for directed verdict, some of which the Court granted.  Specifically, the Court granted Katzman's motion for a directed verdict as to CompCare's breach of contract claim, since it was essentially the same as its fraud claim. (Doc. No. 295; Doc. No. 394, p. 156-60).  Additionally, the Court granted CompCare's motion for a directed verdict as to: (1) Katzman's unjust

---

[2]The breach of stock warrants and declaratory judgment claims were also brought by Katzman's children, to whom he had given the stock warrants.  However, the Katzman children have since assigned the warrants back to Katzman and they have dismissed their claims against CompCare with prejudice.  (Doc. No. 426, 446).

[3]At trial, the Katzmans stated that they would not be seeking damages for their breach of stock warrants claim. (Doc. No. 391, p. 116).

enrichment claim to the extent that it was based on employment expenses that he incurred after entering into the employment contract, and (2) Katzman's affirmative defense of unclean hands. (Doc. No. 297; Doc. No. 394, p. 156-60).

Thereafter, the case was given to the jury, and the jury returned an inconsistent verdict. (Doc. No. 300). The jury found that Katzman did not misrepresent in the employment contract that he would work full time and use his best efforts. However, the jury also concluded that Katzman should be awarded zero damages as a result of CompCare's termination of his employment.

Post-trial motions were filed. The Court granted Katzman judgment on the breach of stock warrants, declaratory judgment, and indemnification claims. (Doc. No. 338). The Court also granted Katzman's Rule 50(b) motion on CompCare's mitigation defense. (Doc. No. 338).

In response to the inconsistent verdict, Katzman moved the Court to award him damages equal to three years of salary under the employment contract. The Court granted the motion, pursuant to Rule 50(b), and awarded Katzman over $1.3 million on his breach of contract claim. (Doc. No. 338, 374).

CompCare appealed and argued to the appellate court that this Court erred when it employed Rule 50(b) to amend the inconsistent verdicts and award Katzman over $1.3 million on his breach of contract claim. As a result, the appellate court concluded that a new trial for liability and damages was necessary. Therefore, the appellate court reversed the Rule 50(b) judgment and remanded this case back to this Court for a new trial on liability and damages.

As a result of the remand, it is unclear whether this Court must retry only Katzman's claims or if both parties' claims must be retried. It is also unclear as to whether this Court's Rule

50(a) directed verdict rulings remain intact, and also whether Katzman's withdrawal of his unjust enrichment claim remains. As such, the Court will hold a status conference to discuss how this case will proceed at trial.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Katzman's Motion to Lift Stay and Require Response to Motion for Summary Judgment (Doc. No. 450) is **GRANTED** to the extent that the Court lifts the stay in this case and **DENIED** as to Katzman's request to require CompCare to respond to his terminated motion for summary judgment.

(2) The Clerk is directed to return this case to active status.

(3) A telephonic status conference will be held in this case on February 19, 2014 at 10:00 a.m. before the Honorable Susan C. Bucklew in Courtroom 17 of the Sam M. Gibbons U.S. Courthouse, located at 801 North Florida Avenue, Tampa, Florida 33602. Counsel who are participating by telephone are directed to call the reserved conference toll free at 1-888-684-8852. The access code to enter the telephone conference for all participants is: 5417637. Counsel will then be prompted to enter the participant security code: 1375 followed by the #(pound) key. This conference will be activated at 9:30 a.m. so the conference may start promptly at 10:00 a.m.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of February, 2014.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record